Paul W. Aitkenhead et al. *v.* Borough of West View et al. West View Water Authority et al., Appellants.

214

Argued October 6, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*Fred E. Baxter, Jr.,* with him *Jane D. Ressler, Gondelman, Baxter, Mansmann and McVerry,* for appellants.

*Samuel G. Weiss, Jr., Weiss, Weiss & Weiss,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., March 9, 1982:

This case comes before the Court for a decision concerning preliminary objections to the jurisdiction of the common pleas court over an equity action challenging the addition of fluoride to a public water system, in accordance with a permit properly issued by the designated state agency.

In January, 1978, the West View Water Authority (authority) announced its intention to begin adding fluoride to the public water supply, under the auspices of a permit granted by the then-Pennsylvania Department of Health, whose functions are now performed by the Department of Environmental Resources (DER).

In response to that announcement, this suit was filed on February 28, 1978, seeking preliminary and permanent injunctive relief to block the fluoridation. The authority filed preliminary objections asserting that equity could not take jurisdiction because there was an adequate and alternative remedy before DER and the Environmental Hearing Board. Fluoridation began, as scheduled, on March 1, 1978.

In November, 1978, the common pleas court granted the preliminary injunction. The authority promptly filed a request for a supersedeas, in which it argued that modification of an existing water supply could not legally be effected without permission of DER, under the provisions of the Water Supply Law.[1] The court denied the supersedeas request, and, in

---

[1] Act of April 22, 1905, P.L. 260, 35 P.S. §711 *et seq.*

response to the authority's appeal to the Commonwealth Court, issued an additional decree, in which it "restored from automatic supersedeas"[2] its preliminary decree. It further ordered that the prohibition against fluoridation should remain in effect until (1) the matter was submitted to, and dealt with, by DER, or (2) a final hearing on the matter was held in the common pleas court.

The authority applied to DER for permission to discontinue the fluoridation, but its application was denied by letter of January 8, 1979. Neither the authority nor the plaintiffs in the equity action pending before the common pleas court appealed that decision to the Environmental Hearing Board.

In the meantime, this Court, by order of the late President Judge BOWMAN, had reinstated the automatic supersedeas. The case first came before this Court, sitting en banc, on a Motion to Dismiss the preliminary injunction appeal for mootness. The petitioners, plaintiffs below, and appellees in this Court, contended that the authority's appeal was moot because the aforementioned decision of the DER dissolved the preliminary injunction issued by the common pleas court. The appellants argued that the appeal was not moot, because the issuance of the preliminary injunction was premised on the usurpation of DER's jurisdiction by the common pleas court. We held, however, that the appeal was indeed moot, disagreeing with "appellants' conclusion that the court has ruled on its jurisdiction." *Aitkenhead v. Borough of West View*, 40 Pa. Commonwealth Ct. 547, 550, 397 A.2d 878, 879 (1979). We observed that although the issuance of the preliminary injunction was an implicit or explicit conclusion that the court's jurisdiction extended to the preliminary injunction, it was not a

---

[2] Pa. R.A.P. 1736(b).

final determination of jurisdiction by that court. We therefore remanded the case to the Common Pleas Court for a decision on the outstanding preliminary objections prior to a final hearing on the permanent injunction.

On May 25, 1979, the lower court issued an order denying the preliminary objections. Since no Opinion was filed in conjunction therewith, we do not have the benefit of the court's reasoning. The authority appealed to this Court, and the appellees promptly filed a Motion to Quash the appeal as being interlocutory. We determined that the action was appealable because the provisions of the Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672, pursuant to which the appeal was filed, were in effect until June 27, 1980, and the appeal was not therefore barred.[3]

The Pennsylvania Supreme Court affirmed our order, and the case is presently before this Court on the question of whether equity can take jurisdiction in the face of a statutory administrative remedy. We find nothing in the facts or law of this case which would cause us to deviate from the general rule that

> equity will not inquire into a controversy where to do so would obviate a constitutionally valid statutory exclusive procedure enacted by the legislature.

*City of Beaver Falls v. Samuels*, 272 Pa. Superior Ct. 76, 79, 414 A.2d 676, 678 (1979).

Appellees contend that, at the time the suit was instituted, there was no adequate remedy at law, since

---

[3] *See* The Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, §2(a) [1069], 42 P.S. §20002, which applies §4(b) of JARA to the repeal of the Act of March 5, 1925, P.L. 23, 12 P.S. §672 *et seq.* Section 4(b) of JARA states that

> Repeals contained in this act which make reference to this subsection shall take effect two years after the general effective date of this act.

the time for appeal from the issuance of the permit ten years before had long since run. Therefore, equity had jurisdiction, and once exercised, that jurisdiction would be retained, in spite of the alternate statutory remedy which became available when DER denied the authority's request to discontinue fluoridation. *Gulbenkian v. Gulbenkian*, 147 F.2d 173 (2d Cir. 1945), cited by appellees in support of their "retained jurisdiction" argument, involved a completely distinguishable procedural matter. There, plaintiffs apparently prayed for specific performance of a contract, but later motioned to amend their pleading to conform to the proof, so as to secure a judgment for damages for breach of that contract. In directing the lower court to take evidence on the issue of damages, the Second Circuit noted that legal and equitable claims could be joined under the Federal Rules of Civil Procedure. Implicit in this statement is the understanding that the district court had the jurisdiction to hear and resolve both the legal and equitable aspects of the dispute. In the case *sub judice*, the alternate legal remedy is not within the jurisdiction of the common pleas court, because it is not empowered to review a decision of DER.

In this instance, where no action had been taken by DER since the issuance of the permit ten years before, it is not unlikely that there was no adequate remedy at law for those individuals who, perhaps, labored under legal infirmities ten years before, or who, perhaps, had moved into the municipalities during the intervening years, and were unaware of the planned change in the water supply. Under the limited facts of this case, taking into account the extensive lapse of time between the permit issuance and the commencement of fluoridation, we cannot find that the common pleas court improperly exercised its equitable jurisdiction in ordering a temporary cessation

of a possibly harmful undertaking until the designated agency exercised its statutorily vested discretion,[4] reviewed information acquired during the intervening years, and refused to allow the authority to discontinue the fluoridation. That DER decision, however, is eventually reviewable by the Commonwealth Court, under the provisions of the Administrative Agency Law, 2 Pa. C. S. §501 *et seq.* and Chapter 15 of the Rules of Appellate Procedure, and is not reviewable within the jurisdiction of the common pleas court. What has occurred here is simply a request to an inappropriate forum to resolve a dispute that it is not authorized to examine.[5]

We therefore reverse the determination of the common pleas court, and sustain the appellant's preliminary objections to jurisdiction in that tribunal because (1) the appellees failed to exhaust their administrative remedy in appealing the adverse decision of DER to the Environmental Hearing Board, and (2) DER is vested by statute with the duty to administer the Water Supply Law, and any objections to the decisions concomitant to that administration are reviewable by appeal to the Environmental Hearing Board, the Commonwealth Court, and the Pennsylvania Supreme Court, but not the common pleas courts of this state.

## ORDER

AND Now, this 9th day of March, 1982, the Order of the Court of Common Pleas of Allegheny County,

---

[4] *Department of Environmental Resources v. Lebanon,* 482 Pa. 66, 393 A.2d 381 (1978).

[5] The administrative system of this Commonwealth would be thrown into chaos if we were to hold that agency decisions, reviewable by law by the Commonwealth Court, are also susceptible to collateral attack in equity in the numerous common pleas courts. *See also,* 42 Pa. C. S. §763.

dated May 25, 1979, filed to No. GD 4585-78 is hereby reversed, and the preliminary objections to jurisdiction are sustained.

Judge PALLADINO did not participate in the decision in this case.