525 A.2d 1290

Erie County League of Women Voters, et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Bureau of State Parks, Respondents.

Argued March 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*George M. Schroeck*, with him, *Elliot J. Segel, Schroeck, Segel & Murray, P.C.*, for petitioners.

*Amy L. Putnam*, Assistant Counsel, with her, *M. Dukes Pepper*, Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 29, 1987:

Several organizations[1] (jointly, Petitioners) have filed a complaint in equity in our original jurisdiction[2] seeking relief in the form of an injunction and declaratory judgment against the Department of Environmental Resources (DER) and the Bureau of State Parks (Bureau) (jointly, Respondents). The complaint, which contains three counts, requests, *inter alia,* that Respondents be permanently enjoined from operating thirteen elevated sand mound sewage systems in Presque Isle State Park (Presque Isle), that the sewage systems be declared a public nuisance and that the proposed construction of the sewage facilities be declared illegal.

Presently before us for disposition are Respondents' preliminary objections which raise questions of jurisdiction, standing, failure to join indispensable parties and a motion for a more specific pleading. We initially note that in ruling on preliminary objections, we will consider as true all well-pleaded facts and inferences reasona-

[1] The Erie County League of Women Voters, Benedictine Sisters of Erie, Presque Isle Audubon Society, the Erie County Council of Sportsmen's Clubs, and the Pennsylvania Chapter of the Sierra Club.

[2] This matter was originally filed in the Court of Common Pleas of Erie County but was subsequently transferred to this Court. *See* 42 Pa. C. S. §761.

bly deducible therefrom, but not conclusions of law, argumentative allegations or opinions. *Ohio Casualty Group of Insurances Cos. v. Argonaut Insurance Co.,* 92 Pa. Commonwealth Ct. 560, 500 A.2d 191 (1985). Keeping this standard in mind, we will briefly summarize the facts alleged in Petitioners' complaint.

On June 20, 1983, the Erie County Health Department issued thirteen permits for sand mound sewage facilities to the Bureau to replace the prior outmoded sewage disposal system on Presque Isle. Petitioners first became aware that new sewage facilities were to be built on Presque Isle in early 1984. No attempt was made by Petitioners to file an appeal from the grant of the sewage permits at that time.

The complaint alleges that Petitioners thereafter attempted unsuccessfully to negotiate with Respondents to ensure that environmentally sound sewage facilities were provided and adequately monitored. Petitioners allege that DER was aware that the sand mound systems were unsafe, but nevertheless authorized their use for the 1986 operating season. By April 1, 1986, DER had decided to modify the sand mound systems by installing aerobic tank and disinfection units. Petitioners allege that the new facilities are in violation of various DER regulations relating to sand mound sewage facilities[3] and that permits for the facilities should never have been issued.

In Count I, Petitioners seek to permanently enjoin Respondents from operating the sand mound systems, apparently including the proposed addition of aerobic tank and disinfection units. Count II of the complaint

---

[3] The violations alleged generally relate to the unsuitability of the soil profile on Presque Isle for a sand mound sewage disposal system, excessively rapid percolation rates, failure to conduct adequate tests and hazards due to the potential for flooding.

seeks similar injunctive relief based on alleged violations of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§750.1—750.20. In Count III, Petitioners allege violations of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§691.1 — 691.1001. Petitioners seek a declaration that the sand mound systems are illegal and constitute a public nuisance under The Clean Streams Law and that Respondents be permanently enjoined from the operation thereof.

With regard to Counts I and II, Respondents argue that this Court lacks jurisdiction because Petitioners have failed to pursue the administrative remedy provided by the Pennsylvania Sewage Facilities Act. As is more fully discussed below, we agree with this argument and will, accordingly, order that Counts I and II of the complaint be dismissed.

The doctrine of exhaustion of administrative remedies provides that a person challenging an administrative decision must first exhaust all available adequate administrative remedies before resorting to the courts. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982). Section 16(a) of the Pennsylvania Sewage Facilities Act, 35 P.S. §750.16(a), provides the following administrative remedy:

> Any person aggrieved by an action of a sewage enforcement officer in granting or denying a permit under this act shall have the right within thirty days after receipt of notice of the action to request a hearing before the local agency. Revocation of permits shall occur only after notice and opportunity for hearing has been given to the permittee.

We believe that this remedy was available to Petitioners and could have been pursued by them when

they became aware of the permit action in January, 1984. Their failure to pursue this adequate administrative remedy precludes our judicial review under Count I of the complaint. We must reject Petitioners' argument that since their failure to pursue existing administrative remedies was due to Respondents' bad faith negotiations equitable relief may nevertheless be sought. We do not think that the occurrence of any negotiations can alter the fact that Petitioners had available administrative remedies which they chose not to pursue.

With respect to Count II, we similarly conclude that Petitioners' failure to appeal the issuance of the sewage permits under Section 16(a) of the Act forecloses them from seeking the same relief in a collateral equity action. *See Aitkenhead v. West View Borough,* 65 Pa. Commonwealth Ct. 213, 442 A.2d 364 (1982).[4]

Respondents' challenge to Count III of the complaint involving The Clean Streams Law, however, is not based on a failure to pursue administrative remedies. Instead, Respondents argue that Petitioners have not alleged a sufficient interest which has or may be ad-

---

[4] We have considered the possibility of transferring this portion of the complaint to the Erie County Health Department pursuant to Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c). Section 708(c) provides for the transfer of original actions where the proper mode of relief is an administrative appeal. Such a transfer is only appropriate, however, when the original action was commenced within the appropriate administrative appeal period.

The applicable appeal period provided by Section 16(a) of the Act is thirty days. Petitioners' complaint, which was filed on July 18, 1986, was filed more than two years after Petitioners first became aware, on January 5, 1984, that the sewage permits had been issued. Thus, we conclude that a transfer would be inappropriate under Section 708(c) of the Judicial Code since the local agency could not grant relief under any circumstances due to the untimeliness of the appeal.

versely affected in order to confer standing to bring suit under the Law.

Section 601(c) of the Law, 35 P.S. §691.601(c) creates the following individual right, apart from any administrative remedies, to compel compliance with the Law through the commencement of a civil suit:

> *[A]ny person having an interest which is or may be adversely affected* may commence a civil action on his own behalf to compel compliance with this act or any rule, regulation, order or permit issued pursuant to this act against the department where there is alleged a failure of the department to perform any act which is not discretionary with the department or against any other person alleged to be in violation of any provision of this act or any rule, regulation, order or permit issued pursuant to this act. (Emphasis added.)

Respondents correctly argue that the underscored language quoted above incorporates the concept of standing as a limit to the right to initiate a citizen enforcement suit under the Law. Respondents contend that Petitioners lack adequate standing to file suit under Section 601(c) of the Law.

Before we can address the standing issue, however, we must determine whether jurisdiction over Count III of the complaint properly lies with this Court. We observe that Section 601(c) of the Law also includes the following jurisdictional provision:

> Any other provision of law to the contrary notwithstanding, the courts of common pleas shall have jurisdiction of such actions, and venue in such actions shall be as set forth in the Rules of Civil Procedure concerning actions in assumpsit.

This jurisdictional provision was added to the Law by amendment on October 10, 1980[5] and, thus, creates an exception to the earlier enacted provisions of Section 761 of the Judicial Code, 42 Pa. C. S. §761, governing the original jurisdiction of Commonwealth Court. *See* Section 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1936. Thus, it would appear that subject matter jurisdiction over Count III lies with the common pleas court.

As noted earlier, this action was originally filed by Petitioners in the Court of Common Pleas of Erie County and was transferred here by stipulation of counsel. *See supra* note 2. We agree that the transfer was proper at that time, since subject matter jurisdiction over Counts I and II appeared to reside with this Court under Section 761 of the Judicial Code (vesting original jurisdiction of civil actions against the Commonwealth in Commonwealth Court). Moreover, as long as either of those Counts remained actionable we could properly retain jurisdiction over Count III as well since it was a part of the action as a whole and would permit the parties to obtain a comprehensive disposition of the matter in a single proceeding. *See Department of General Services v. Frank Briscoe Co., Inc.,* 502 Pa. 449, 466 A.2d 1336 (1983). Having dismissed Counts I and II, however, we believe that jurisdiction now properly lies with the common pleas court. While we regret the delay which yet another transfer will cause the litigants, we believe that the limits of our jurisdiction require that the transfer be made.

We, accordingly, will order that Counts I and II of Petitioners' complaint be dismissed and that this matter be transferred to the Court of Common Pleas of Erie County for further proceedings with respect to Count

---

[5] Section 3 of the Act of October 10, 1980, P.L. 894.

III, including disposition of any outstanding preliminary objections thereto.

## ORDER

It is hereby ordered that the preliminary objections filed by Respondents be sustained in part and that Counts I and II of Petitioners' Complaint in Equity for Permanent Injunction and Declaratory Judgment be dismissed. It is further ordered that this matter be transferred to the Court of Common Pleas of Erie County for further proceedings, including disposition of Respondents' remaining outstanding preliminary objections as to Count III of the Complaint.