616 A.2d 1070

**Robert C. GIFFIN, Petitioner,**

v.

**Ronald E. CHRONISTER, Acting Insurance Commissioner, Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 26, 1992.

288

Bruce E. Cooper, for petitioner.

Amy L. Putnam, for respondent.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Robert C. Giffin (Giffin) filed a complaint in equity in our original jurisdiction on June 5, 1992 seeking relief in the form of a temporary restraining order and temporary and permanent injunctions against Ronald E. Chronister (Chronister), acting insurance commissioner of the Commonwealth of Pennsylvania's Insurance Department. Giffin's complaint requested, inter alia, that Chronister be enjoined from bringing proceedings against Giffin for alleged violations of the Insurance Department Act[1], the Unfair Insurance Practices Act[2], and the Insurance Department Regulations.[3]

The matter now before us is Chronister's preliminary objections to Giffin's complaint, filed on July 7, 1992, in the nature of a demurrer and an objection to this Court's jurisdiction.[4]

Giffin's complaint contains the following relevant averments:

1. Act of May 17, 1921, P.L. 789, No. 285, *as amended,* 40 P.S. §§ 1–321.

2. Act of July 22, 1974, P.L. 589, No. 205, *as amended,* 40 P.S. §§ 1171.1–1171.15.

3. 31 Pa.Code §§ 1.1–303.1.

4. Giffin filed an application for special relief in the nature of an ex parte preliminary injunction on July 12, 1992 and said application was denied that day. A hearing was held on July 9, 1992 to consider

2. The Defendant, Ronald E. Chronister, is the Acting Insurance Commissioner of the Commonwealth of Pennsylvania, having his official place of business in Harrisburg, Dauphin County, Pennsylvania.

3. Plaintiff (Giffin), as relevant herein, was an insurance agent and broker licensed in the Commonwealth to sell life annuities, health and casualty insurance, and was employed as Vice President of the Stone and Edwards Insurance Agency, Inc.

4. On January 29, 1992, Plaintiff Giffin was served with an Order to Show Cause to appear at a formal administrative hearing before the Insurance Commissioner or his duly designated Presiding Officer, and to show cause why the Insurance Commissioner should not impose upon the Plaintiff fines, penalties and loss of license. This original Order to Show Cause was followed by an Amendment to Order to Show Cause dated May 15, 1992 ...

7. The Insurance Commissioner by statute and regulation determines whether a prosecution should be initiated, appoints the person to conduct the hearing and then acts as the ultimate fact finder in determining whether a violation has occurred. Under these circumstances, such a commingling of prosecutorial and adjudicative functions within a single person is not consistent with the requirements of due process embodied in the Pennsylvania Constitution and the Constitution of the United States.

8. Plaintiff has no plain, adequate or complete remedy at law and is suffering and will continue to suffer irreparable injury in the following respects:

   (a) Loss of reputation;

   (b) Loss of earning power;

   (c) Inability to obtain a fair and impartial trial under the Insurance Department Act of 1921 and the General Rules of Administrative Practice and Procedure.

Chronister argues that a demurrer should be sustained because Giffin has failed to plead facts which establish a claim

Giffin's request for a preliminary injunction; the injunction was granted.

upon which relief may be granted. Chronister asserts that none of Giffin's factual averments support his claim that the prosecutorial and adjudicative functions of the Insurance Department were actually commingled.

Initially we note that when ruling on preliminary objections, this Court considers as true all well-pleaded facts which are material and relevant. *Erie County League of Women Voters v. Department of Environmental Resources, Bureau of State Parks,* 106 Pa.Commonwealth Ct. 369, 525 A.2d 1290 (1987). Specifically, a preliminary objection in the nature of a demurrer is deemed to admit all well-pleaded facts and all inferences reasonably deduced therefrom. *Commonwealth by Preate v. Events Intern., Inc.,* 137 Pa.Commonwealth Ct. 271, 585 A.2d 1146 (1991). In determining whether to sustain a demurrer the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Commonwealth, Department of Public Welfare v. Portnoy,* 129 Pa.Commonwealth Ct. 469, 566 A.2d 336, *appeal granted,* 525 Pa. 648, 581 A.2d 574 (1990). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Gaster v. Township of Nether Providence,* 124 Pa.Commonwealth Ct. 595, 556 A.2d 947 (1989).

Chronister asserts that Giffin's averments do not constitute factual allegations, but instead consist of legal conclusions. Giffin cites the cases of *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992) and *Dussia v. Barger,* 466 Pa. 152, 351 A.2d 667 (1975), in support of his position, in which there was found to be an unconstitutional commingling of prosecutorial and adjudicative functions within the agencies discussed in those cases. Giffin's complaint asserts that the statutory framework of the Insurance Department creates a system whereby the Acting Insurance Commissioner is both prosecutor and adjudicator in violation of due process rights. Whether such a system exists within the Insurance Department is certainly an issue which, if demon-

strated, would permit Giffin relief. Because it is not clear from the face of the complaint that the law will not permit recovery, we will dismiss Chronister's preliminary objection in the nature of a demurrer.

Chronister's next preliminary objection asserts that this Court lacks jurisdiction over the matter because Giffin has failed to exhaust his administrative remedies.

In general, a court lacks jurisdiction to address an action in law or in equity where an administrative remedy exists. *Campbell v. Department of Labor and Industry,* 80 Pa.Commonwealth Ct. 558, 471 A.2d 1331 (1984), *appeal quashed,* 507 Pa. 479, 490 A.2d 831 (1985). However, the exhaustion of administrative remedies is not required where a statutory scheme's constitutionality or validity is being challenged. *National Solid Waste Management v. Casey,* 135 Pa.Commonwealth Ct. 134, 580 A.2d 893 (1990). In order to qualify under the exception "the attack must be made to the constitutionality of the statute or regulation as a whole and not merely to how the statute or regulation has been applied in a particular case." *Barr v. State Real Estate Commission,* 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987), citing *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 561, 570, 493 A.2d 146, 153 (1985).

Giffin's complaint, read in its entirety, asserts that the statutory and regulatory framework as a whole commingles the the prosecutorial and adjudicatory functions unconstitutionally within the person of the insurance commissioner. Thus, the exhaustion of administrative remedies is not required.

Accordingly, we will dismiss the preliminary objections and direct that the insurance commissioner plead to the complaint.

## ORDER

AND NOW, this 26th day of October, 1992, the preliminary objections are dismissed and the insurance commissioner is directed to plead to the complaint within thirty days hereof.