Ertle DIAL, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 1997.

Decided Feb. 4, 1998.

Ertle Dial, petitioner, for himself.

Robert A. Greevy, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Before this court are preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board), in response to a petition for writ of mandamus filed by Ertle Dial (Dial).

Dial is currently incarcerated in the State Correctional Institution at Graterford for a sex offense. On March 21, 1996, Dial was interviewed for parole and subsequently refused parole. This was the fourth refusal. On July 31, 1997, Dial sought mandamus with this Court challenging the refusal. Dial contends that he was denied a fair parole review at the expiration of his minimum sentence, and that Section 331.34a(a) and (b) of the Parole Act (Act)[1] does not apply to him. Dial's Petition for writ of mandamus states in part as follows:

1. Petitioner, Ertle Dial, respectfully request this court to issue a Writ of Mandamus ordering the Penn. Bd. of Probation and Parole, to grant him a fair parole review under the *August 6, 1941 Parole Act* as it existed when he committed his criminal offense.

2. Petitioner further seeks an order restraining the respondent from retroactively applying to him, the Boards *repeal statute 61 P.S. § 331.34 (a) and (b),* [sic] relating to crimes of violence; and to compel the respondent to correct their errone-

---

1. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.1–331.34(b).

ous interpretation of his sentence as being indefinite and to compel respondent to remove classification of him being a dangerous offender from his parole file.

3. Petitioner was unlawfully denied fair parole review in violation of his constitutional rights to due process, equal protection, ex post facto clause, and a misinterpretation of his sentence as being indefinite.

4. This newly repealed statute *61 P.S. § 331.34 (a) and (b),* [sic] that is being contested by petitioner denies prisoners who have been convicted of certain offenses the possibility of parole, at the expiration of their minimum sentence.

6. At this point of petitioner's complaint, it must be stressed to this court, that at no time does petitioner state or claim that he has a right to parole; but he does state he has a right to be interviewed for parole under the process and procedures under the *August 6, 1941 Parole Act* as it existed when he committed his criminal offense.

Dial Petition for Writ of Mandamus, June 21, 1997, at 1, 2.

The Board preliminarily objected on September 2, 1997. The Board contends that parole refusals are not subject to judicial review, that an appeal cannot be taken from a decision of the Board because there are too many variables for determining eligibility for parole, and that Dial does not have a right to parole.

■■■ In our original jurisdiction, an action in mandamus must define the issues, and every act or performance essential to that act must be set forth in the complaint. *See* Pa.R.Civ.P. 1019. In determining preliminary objections, all well-pleaded facts which are material and relevant are deemed to be true. *Hawks by Hawks v. Livermore,* 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993); *Erie County League of Women Voters v. Department of Environmental Resources, Bureau of State Parks,* 106 Pa.Cmwlth. 369, 525 A.2d 1290 (1987). In determining whether to sustain a demurrer, the Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion. *Giffin v.*

*Chronister,* 151 Pa.Cmwlth. 286, 616 A.2d 1070 (1992). Moreover, a complaint which consists of merely argumentative conclusions, as opposed to properly pleaded statements of fact, cannot withstand a demurrer for failure to set forth a claim for which relief can be granted. *See Price v. Zoning Hearing Board of Hanover Township,* 72 Pa.Cmwlth. 5, 455 A.2d 1267 (1983).

We have continuously stated that parole is not a right and that the reasons for denying parole are not subject to judicial review. *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Cmwlth. 333, 514 A.2d 967, 970 (1986); *Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766 (Pa.Cmwlth.1997). In *Weaver,* this Court reasoned that an appeal cannot be taken from a decision of the Board because the Board must consider so many variables in determining eligibility for parole. This Court stated that, "[b]ecause of the breadth of the Board's discretion, we believe that we cannot interfere with the discretion of the Board in granting parole." And that "[w]hat the Board has decided, and why, being wholly a matter of the Board's discretion, is simply not subject to judicial review." *Weaver,* 688 A.2d at 770, *quoting Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Cmwlth. 333, 514 A.2d 967, 971–72 (1986).

Dial contends that the Board violated his constitutional rights "by [not] interviewing him for parole under the August 6, 1941 Parole Act as it existed when he committed his criminal offense; and by changing his definite sentence to indefinite; and by classifying him as a dangerous offender based on a repeal[ed] statute [Section 4] 61 P.S. § 331.34a(a) and (b)." Dial's Petition for Writ of Mandamus, dated June 21, 1997, at 4.

Contrary to the allegations made by Dial, Section 331.34a(a) and (b) of the Act have not been repealed, and were correctly applied by the Board. The Act states as follows:

(a) The Board shall have the following powers and duties with regard to the Board of Pardons and individuals granted clemency by the Governor who are subject to parole supervision by the board:

(1) Make investigations and recommendations to the Board of Pardons in cases coming before it and upon its request. The investigations shall include all information set forth under section 19 of this act, including a risk assessment if the applicant is incarcerated.

(2) Immediately notify the Board of Pardons when a parolee has violated a condition of parole. This shall apply to parolees under supervision by other jurisdictions through the Interstate Compact.

(3) In no case shall the board act upon an application of an inmate whose term of imprisonment was commuted from life to life on parole or upon an inmate who was serving a term of imprisonment for a crime of violence or is an inmate serving a sentence under 42 Pa.C.S. § 9712 (relating to sentences for offenses committed with firearms) unless the inmate has served at least one year in a prerelease center. . . .

(b) As used in this section, the term "crime of violence" means:

(1) Murder of the third degree, voluntary manslaughter, rape, sexual assault, involuntary deviate sexual intercourse, robbery. . . .

(2) An attempt to commit voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery. . . .

 Dial was given a parole interview by the Board under the current provisions of the law. As noted, a "minimum" sentence does not carry with it a right to parole after that time has expired. Dial's petition does not contain any allegations of material facts that give rise to a claim for which relief can be granted. His petition consists of conclusions of law, unwarranted inferences, argumentative allegations, conclusions, and expressions of opinion. The demurrer must be sustained.

### ORDER

AND NOW, this 4th day of February, 1998, the preliminary objections filed by the Pennsylvania Board of Probation and Parole are hereby sustained.