# Grell v. Pulaski Township Municipal Authority

C.P. of Lawrence County, no. 70050 of 2009.

*Carmen F. Lamancusa,* for plaintiffs.
*John K. Seltzer,* for defendant.

COX, *J.,* May 26, 2010—Before the court for disposition is the preliminary objection to the amended complaint filed on behalf of the defendant, the Pulaski Township Municipal Authority which asserts that the plaintiffs' amended complaint lacks specificity because the plaintiffs Lewis Grell and Pamela Grell have failed to aver that the Municipal Authority had a specific duty which was required by law and that it failed to perform that duty. More specifically, mandamus cannot be used to interfere with acts within the Municipal Authority's control or discretion and the plaintiffs' amended complaint fails to set forth that they were legally entitled to have their properties connected to the Pulaski Sewer System.

The facts as set forth in the complaint are as follows: The Municipal Authority, which was established by the Township of Pulaski on August 6, 2001, was responsible for administering Pulaski Township Official Act 537 Sewage Facilities Plan, which proposed the construction of three sewage treatment plants in New Bedford, Pulaski and Frizzleburg, Lawrence County, Pennsylvania. On October 27 1999, Pulaski Township received approval from the Pennsylvania Department of Environmental Protection for a plan titled "Act 537 Sewage Facilities Plan Update—Phase II," which required that sewage generated from the Pine Glenn, Lawrence

County, Pennsylvania, service area be conveyed through a pump station and force main to the New Bedford sewage treatment plant. The purpose of this plan was to provide for the best long-term solution for eliminating malfunctioning on-lot disposal systems. On November 22, 2002, Governor Mark Schweiker announced that the Pennsylvania Infrastructure Investment Authority provided Pulaski Township with a loan for $8,325,303 and a $1,000,000 grant to construct approximately 23 miles of wastewater collection lines, a pump station and two treatment facilities to serve four areas of the township where the on-lot septic systems were malfunctioning and wildcat sewers were discharging waste into publicly accessible areas.

The plaintiffs, who reside at 1229 State Route 208, Pulaski, Lawrence County, Pennsylvania, and own nearby property at 1215 State Route 208, received two applications from the Municipal Authority for sanitary sewer service connection. On December 16, 2005, the plaintiffs signed the two applications and paid $2,300 for each property for the tap-in fees through two separate checks made payable to the Municipal Authority; however, the tap-in fees were $2,350 each, so the plaintiffs furnished another check for $100 on January 5, 2006, to pay the remaining balance. It must be noted that on December 16, 2005, Janet Kapraly, the secretary for the Municipal Authority, approved the plaintiffs' application for sewer tap-ins. Additionally, Robert Zedaker, a member of the Municipal Authority, informed the plaintiffs that their application was approved. The plaintiffs subsequently received a telephone call from William Taylor, another member of the Municipal Authority, stating that

their residence was not on the list for sewer installation and their payment would be returned to them. In March of 2006, the former and current boards of the Municipal Authority began discussing the application approvals and whether the approval of the plaintiffs' application created a contract because the plaintiffs were initially on the list for sewer installations. Subsequently, on July 15, 2008, the Municipal Authority unanimously agreed to invite the plaintiffs into the sewer district under a developers' agreement as covered by the township ordinance, as long as the Municipal Authority was not required to make expenditures. The plaintiffs filed suit claiming that the Municipal Authority did not have the authority to rescind its acceptance of the plaintiffs' application after the tap-in fees were paid, approval was provided by Janet Kapraly and Robert Zedaker and plaintiffs were initially on the installation list.

When rendering a decision on a preliminary objection claiming that the complaint lacks specificity, the court must determine "whether the complaint is sufficiently clear to enable the defendant to prepare [a] defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006) (quoting *Ammlung v. City of Chester,* 224 Pa. Super. 47, 302 A.2d 491, 498 n.36 (1973)). In other words, the court must examine "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Id.* The court must also read all of the averments of the complaint and consider the nature of the case to determine if the complaint lacks specificity. *Hock v. L.B. Smith Inc.,* 69 D.&C.2d 420, 423 (Columbia Cty.,1974)

(citing *Roberts v. Peoples Cab Company,* 7 D.&C.2d 632 (Allegheny Cty. (1955)). "It is enough that, considering the complaint as a whole, it contains sufficient material facts to show the existence of a cause of action." *Id.* "[I] n determining whether a particular paragraph in a complaint is stated with the necessary specificity, such paragraph must be read in context with all the allegations in the complaint. Only then can a court determine whether the defendant is put on adequate notice of the claim against which it must defend." *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission (PGC)* 950 A.2d 1120, 1134-35 (Pa. Commw. 2008) (citing *Yacoub v. Lehigh Valley Medical Associates,* 805 A.2d 579 (Pa. Super. 2002)).

Mandamus is an extraordinary remedy utilized to compel official performance of a ministerial act or mandatory duty where the plaintiff maintains a clear legal right in the corresponding duty from the defendant. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 20, 493 A.2d 1351, 1355 (1985) (citing *Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621 (1973); *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972)). A complaint in mandamus must set forth the following:

"(1) the name and description of the plaintiff and defendant;

"(2) the facts upon which plaintiff relies for the relief sought;

"(3) the act or duty the defendant is required to perform and the refusal to perform it;

382

"(4) the interest of the plaintiff in the result;

"(5) the damages, if any;

"(6) the want of any other adequate remedy at law;

"(7) a prayer for the entry of a judgment against the defendant commanding that the defendant perform the act or duty required to be performed and for damages, if any, and costs." Pa.R.C.P. No. 1095.

However, mandamus is not designed to compel a discretionary act. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 373, 490 A.2d 402, 409 (1985) (citing *Citizens Committee to Recall Rizzo v. Board of Elections,* 470 Pa. 1, 367 A.2d 232 (1976); *Kremer v. Shoyer,* 453 Pa. 22, 311 A.2d 600 (1973); *Porter, supra.*). A complaint that sets forth an action in mandamus must clearly define the issues, and every act or performance essential to that issue. *Dial v. Pennsylvania Board of Probation and Parole,* 706 A.2d 901, 902 (Pa Commw. 1998) (citing *Hawks by Hawks v. Livermore,* 157 Pa. Commw. 243, 629 A.2d 270 (1993); *Erie County League of Women Voters v. Department of Environmental Resources, Bureau of State Parks,* 106 Pa. Commw. 369, 525 A.2d 1290 (1987)).

"The facts on which the right is made to depend must be stated with a precision sufficient to express the right of one and the duty of the other, in such a manner that the ordinary mind, disregarding technicality of pleading, may easily comprehend them." *Hazelton Retail Merchants' Council v. Beisel,* 18 D.&C. 693, 694 (1932). The plaintiff must clearly state the act or duty that the defendant was required to perform and the defendant's refusal to do so and where pertinent the complaint should

refer to the law or ordinance that imposed the duty. Pa.R.C.P. No. 1095; *Smith v. Commonwealth ex rel. Dillon,* 41 Pa. 335 (1861). "An action filed in mandamus must define the issues, and every act or performance essential to that act must be set forth in the complaint." *Nickson v. Commonwealth Board of Probation and Parole,* 880 A.2d 21, 23 (Pa. Commw. 2005) (citing Pa.R.C.P. No. 1019; *Byrd v. Pennsylvania Board of Probation And Parole,* 826 A.2d 65 (Pa. Commw. 2003)).

In the case sub judice, the plaintiffs have set forth specific facts to establish their claim for mandamus. Although Act 537 permits the Municipal Authority to alter its original plan, the plaintiffs assert that their property was entitled to be included in the sewage system because they filed the appropriate applications and those applications were accepted by Janet Kapraly. Additionally, the plaintiffs indicated that the Municipal Authority accepted the payments made by the plaintiffs, which is evidenced by the checks attached to the amended complaint. Furthermore, the Municipal Authority informed the plaintiffs that they did not pay the correct amount and the plaintiffs provided the Municipal Authority with another check for $100, which was also accepted. The plaintiffs were also informed by Robert Zedaker, a member of the Municipal Authority, that their applications were approved. However, the plaintiffs were subsequently informed that they were not on the list for sewer installation and the Municipal Authority refunded their money. In March of 2006, the Municipal Authority discussed whether the approval of the plaintiffs' application created a contract because the plaintiffs were initially on the list for sewer installation. On July 15, 2008,

the Municipal Authority invited the plaintiffs into the sewer district under a developers' agreement as covered by the township ordinance, as long as the Municipal Authority was not required to make expenditures.

The plaintiffs filed suit and now assert that a binding contract was created through the Municipal Authority's approval of their application and its acceptance of the tap-in fees. The plaintiff further contends that the contract was breached when they were informed that they would not receive sewer installation and their payment for the tap-in fees was returned to them. Paragraph 21 of the plaintiffs' amended complaint states, "The Pulaski Township Municipal Authority did not have authority to rescind the acceptance of the applications of plaintiffs, Lewis and Pamela Grell, after the monies for the tap-in sewer connection was given and approval accepted by Janet Kapraly since plaintiffs were on an installation list given to her." Moreover, paragraph 22 of the amended complaint avers, "The Pulaski Township Municipal Authority did have a duty to provide a sanitary sewer connection to the plaintiffs' property with the objective of achieving the best practicable long-term plan for the elimination of existing malfunctioning on-lot disposal systems in accordance with the Pulaski Township Official Act 537 Sewage Facilities Plan, as amended." Those paragraphs read in conjunction with the entire amended complaint set forth a claim that the plaintiffs are legally entitled to sewer installation because the Municipal Authority breached a valid agreement that was created when the Municipal Authority approved the plaintiffs' applications and accepted payment for the tap-in fees. The court finds that the amended complaint does not lack specific-

ity and adequately annunciates the claims being asserted by the plaintiffs.

For the reasons set forth in this opinion, the defendant's preliminary objection to amended complaint is overruled.

## ORDER

Now this May 26, 2010, this case being before the court on April 26, 2010, for oral argument on the preliminary objection to the amended complaint filed by the defendant, with both parties appearing through their counsel, the plaintiffs, Lewis Grell and Pamela Grell, represented through counsel, Carmen F. Lamancusa, Esquire and the defendant, The Pulaski Township Municipal Authority, represented through counsel, John R. Seltzer, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) The court notes that the preliminary objection to amended complaint filed by the defendant raises the issue of insufficient specificity of the amended complaint.

(2) In accordance with the attached opinion, the preliminary objection to the amended complaint is hereby overruled.

(3) Defendant shall file an answer within 20 days after receipt of this order of court.

(4) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Carmen F. Lamancusa, Esquire and John R. Seltzer, Esquire.