James L. KELLY, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 11, 1996.

Decided Dec. 12, 1996.

No appearance entered for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Presently before this Court in our original jurisdiction is a preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) to a *pro se* petition for review in the nature of mandamus filed by James L. Kelly (Kelly).

In his petition, Kelly avers that he is incarcerated at the Blair County Prison in Holidaysburg, Pennsylvania, and is serving a term of eighteen months to fifty-nine months which began on September 30, 1993. Kelly further alleges that he has completed serving his minimum sentence and that the Board has not yet acted to determine whether he should be granted parole. Although there is no allegation in the petition that he has filed an application for parole, Kelly requests this Court to direct the Board to provide him

with its decision whether to grant or deny him parole.

■■■ In response, the Board filed the present preliminary objection in the nature of a demurrer,[1] contending that it has no duty to *sua sponte* issue a decision regarding parole before or after a prisoner serves a minimum term. The Board argues that, because Kelly has not alleged that he has filed an application for parole, he cannot establish that it has a duty to render a decision, and his petition should be dismissed.

■■■ Mandamus will lie only where the petitioning party demonstrates a clear right to relief, a correspondingly clear duty on the part of the other party, and the want of any other adequate remedy at law. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). Further, mandamus is only available to compel the performance of a ministerial act and will not be granted in cases where the duty is not clear. *Id.*

■■ Section 22 of what is commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.22, pertinently provides:

> [T]he board shall have the power, and it shall be its duty, to consider applications for parole by a prisoner or by his attorney, relatives or friends or by any person properly interested in the matter.... Application[s] for parole shall be disposed of by the board within six months of the filing thereof.

Additionally, the Board's Regulation 63.1(c) provides that "after review and consideration of each application, the Board will grant or deny approval to each applicant who is seeking parole." 37 Pa.Code § 63.1(c). Although mandamus will lie to compel the Board to act upon a parole application if it has not done so within six months of its filing, as required by Section 22 of the Parole Act,[2] both the statute and the regulation specifically condition the Board's duty to act only upon the filing of a parole application. *Weyand v. Pennsylvania Board of Probation and Parole*, 94 Pa. Cmwlth. 32, 503 A.2d 80 (1986). Where no application has been filed, the Board has no duty to automatically consider for parole a prisoner who has completed his or her minimum term. *Id.*

In the present case, Kelly does not allege that he has filed an application for parole with the Board. Therefore, he has established neither a right to a decision regarding his parole nor a duty on the part of the Board to issue one. Because Kelly has failed to establish a clear right to relief or a clear duty on the part of the Board, he cannot maintain his mandamus action.

Accordingly, the Board's demurrer is sustained, and Kelly's petition is dismissed. Leave is granted to Kelly to file an amended petition within twenty days from the date of the filing of this Opinion and accompanying Order.[3]

### ORDER

AND NOW, this 12th day of December, 1996, Respondent's preliminary objection in the nature of a demurrer is sustained, and the petition for review is dismissed. Leave is granted to Petitioner to file an amended petition for review no later than twenty days from the date of this Order.

---

1. A demurrer may only be sustained when on the face of the pleading the law will not permit recovery. *Stone & Edwards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992), *affirmed*, 538 Pa. 276, 648 A.2d 304 (1994). In ruling on a demurrer, all well-pled allegations must be accepted as true. *Id.*

2. *Marshall v. Pennsylvania Board of Probation and Parole*, 162 Pa.Cmwlth. 256, 638 A.2d 451, 454 n. 8 (1994).

3. Amendments of pleadings should be freely allowed, and a claim should not be jeopardized because of minor defects in a pleading. Lutz v. Springettsbury Township, 667 A.2d 251 (Pa. Cmwlth. 1995). Moreover, this Court can sua sponte permit or require and amendment of a pleading. Pa.R.C.P. No. 1033; Sullivan v. Allegheny Ford Truck Sales, Inc., 283 Pa. Superior Ct. 351, 423 A.2d 1292 (1980).