**Clyde McGRIFF, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 2002.

Decided Oct. 23, 2002.

Clyde McGriff, petitioner, pro se.

Amy M. Elliott, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Before the Court are Respondent Pennsylvania Board of Probation and Parole's (Board) preliminary objections (Objections) to Petitioner Clyde McGriff's (McGriff) *pro se* amended petition for review (Petition). McGriff's Petition is styled as a mandamus action directed towards this Court's original jurisdiction. We sustain the Board's Objections, and dismiss McGriff's Petition.

The relevant facts of this case may be summarized as follows. McGriff is an inmate currently incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania. McGriff was sentenced by the Allegheny County Court of Common Pleas on June 3, 1988, to a term of incarceration of not less than two years and no more than twenty years for the offense of burglary. His original mini-

mum sentence date was January 29, 1990, and his maximum term of expiry was July 29, 2007. McGriff received his first parole interview with the Board on December 20, 1989, and following that interview was paroled on January 29, 1990.

On August 21, 1991, McGriff was arrested on new criminal charges, for which he did not post bail. On October 1, 1992, McGriff was convicted on the new criminal charges, and by Board action dated November 24, 1992, he was recommitted as a convicted parole violator to serve twelve months backtime. McGriff timely filed an administrative appeal challenging the Board's November 24, 1992 action.

On June 9, 1993, the Board rescinded its November 24, 1992 decision, and closed McGriff's case due to the Board's belief that McGriff had been resentenced. The Board also then listed McGriff for a reparole interview at the end of his new minimum sentence. Thereafter, on August 18, 1993, McGriff was reparoled, with, *inter alia,* mandatory drug and alcohol treatment and determination conditions.

On April 7, 1994, McGriff was declared delinquent by the Board. On July 8, 1994, McGriff was arrested by Pittsburgh Police on new criminal charges. On January 11, 1995, the Board recommitted McGriff as a technical parole violator to serve eighteen months backtime.

On April 2, 1996, the Board modified its July 14, 1993 action by changing McGriff's maximum term of expiry to July 29, 2007 due to a clarification of McGriff's original sentence. Thereafter, McGriff was convicted on the new criminal charges, and the Board subsequently rescinded its January 11, 1995 action and recommitted McGriff as a convicted parole violator to

serve 48 months backtime. McGriff's parole violation maximum term of expiry was set as October 7, 2012, and he was then listed for reparole in or after March, 2000.

In March, 2000, McGriff was interviewed for reparole, and on April 12, 2000, the Board reparoled McGriff to a state detainer sentence.

McGriff filed a *pro se* Petition for Review in the nature of an action for mandamus with this Court on September 17, 2001, requesting that the Board's order of June 9,[1] 1993, be rescinded, that McGriff be continued on the parole granted to him on January 29, 1990, and additionally requesting the payment of his litigation costs. The Board thereafter filed preliminary objections in the nature of a demurrer, and McGriff subsequently filed an amended petition for review in which he additionally requested that the Board be directed to credit his sentence for the time he was detained during the period from August 21, 1991 to September 20, 1992.

The Board then reviewed McGriff's sentence calculation, and determined that a clerical error had been made therein. On January 22, 2002, the Board modified its orders of March 19, 1996 and March 28, 2000, and set McGriff's corrected parole violation maximum date of expiry as February 28, 2010.

Thereafter, the Board again filed with this Court preliminary objections (Objections) in the nature of a demurrer to McGriff's amended petition for review (Petition). In those Objections, the Board asserts two issues: whether this Court has jurisdiction over McGriff's Petition challenging the Board's recalculation of his parole violation, and; whether McGriff has stated a claim upon which relief can be

---

1. McGriff's original petition for review errantly listed the date of the challenged Board order as June *6,* 1993, but neither party disputes that the correct date of that order is June *9,* 1993.

granted where the Board has already credited McGriff for that time.

McGriff expressly argues that the sole remaining issue addressed by his Petition is his challenge to the aspect of the Board's order of June 9, 1993 that closed McGriff's case due to a resentencing that never occurred, and the Board's subsequent failure to reopen that case once that resentencing error was acknowledged. In short, McGriff now argues that the sole relief requested by his Petition is the reopening of his case, and nothing more.

■ In a challenge to a Board action in parole matters, the nature of the allegations of error, and the relief sought, determine whether the case comes within our original jurisdiction. *Kester v. Board of Probation and Parole,* 148 Pa.Cmwlth. 29, 609 A.2d 622 (1992). The Board's recalculation of a parole violation maximum term of expiry is within this Court's appellate jurisdiction, and is not a matter within the Court's original jurisdiction. *Evans v. Board of Probation and Parole,* 713 A.2d 741 (Pa.Cmwlth.1998). Jurisdiction over complaints sounding in mandamus against State agencies administering the parole system, where the complaint is not a direct or collateral attack on the conviction or sentence, is vested exclusively in the Commonwealth Court. *Com. ex rel. Davis v. Pennsylvania Board of Parole,* 484 Pa. 157, 398 A.2d 992 (1979).

■ Mandamus is an extraordinary remedy that compels the official performance of a ministerial act or a mandatory duty. *Mickens–Thomas v. Board of Probation and Parole,* 699 A.2d 792 (Pa. Cmwlth.1997). A writ of mandamus may be issued only where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy. *Id.*

■ In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. *Dial v. Pennsylvania Board of Probation and Parole,* 706 A.2d 901 (Pa. Cmwlth.1998). In ruling on preliminary objections in the nature of a demurrer, the Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.*

In the matter *sub judice,* McGriff's prior requests to this Court challenged the Board's failure to continue McGriff on parole, and requested that the Board credit his sentence for a period of time when he was detained. Those matters are not the proper object of a mandamus action, and are to be addressed to this Court's appellate jurisdiction. *Evans.* However, McGriff's express limitation of his challenge, in his Petition and in his brief to this Court, to a sole request for the Board to perform the arguably ministerial task of reopening McGriff's case, properly squares the instant matter within the Court's original jurisdiction. *Davis.*

In this mandamus action to compel the Board to reopen his case, McGriff must, *inter alia,* establish that the Board has a legal duty to do so that corresponds to a legal right of McGriff to compel the reopening. *Mickens–Thomas.* McGriff is unable to cite to any statutory or precedential authority establishing such a duty on the Board's part. Absent said duty, no writ of mandamus can be issued to compel the Board to so act. *Id.* As this Court has consistently held, mandamus will not be granted in cases where a duty to act on the part of the respondent is not clear. *Kelly v. Pennsylvania Board of Probation and Parole,* 686 A.2d 883 (Pa.Cmwlth. 1996)

Further, in *Kelly*, we specifically held that an action in mandamus will not lie to compel Board action absent an application for that action that has been filed with the Board by the petitioner. Notwithstanding McGriff's failure to cite to any authority establishing a duty on the Board's part to take the requested action, *Kelly* is additionally instructive in the instant matter, as McGriff cites to no pending application that he has filed before the Board.

Accordingly, the Objections of the Board are sustained, and McGriff's Petition is dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

### ORDER

AND NOW, this 23rd day of October, 2002, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained, and the instant Petition for Review is dismissed with prejudice.