J-S62025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOEL GAUCHE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JEROME WALSH, SUPERINTENDENT SCI DALLAS, PA DEPARTMENT OF CORRECTIONS MICHAEL POTTEIGER, CHAIRMAN, PA BOARD OF PROBATION AND PAROLE | |
| Appellees | No. 2671 EDA 2013 |

Appeal from the Order Entered August 20, 2013
In the Court of Common Pleas of Bucks County
Civil Division at No(s): No. 2012-07811-25

BEFORE:  ALLEN, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:              **FILED DECEMBER 30, 2014**

Appellant, Joel Gauche, appeals *pro se* from the order entered on August 20, 2013, dismissing Appellant's writ of *habeas corpus* petition. Upon review, we transfer this matter to Commonwealth Court.

The trial court aptly summarized the facts and procedural history of this case as follows:

> On July 2, 1982, [Appellant] was convicted of [r]ape and other offenses in two separate criminal informations and received ten to twenty years on each criminal information, to be served consecutively, for an aggregate +/- sentence of twenty to forty years in a state correctional facility. Credit for time served was awarded, making [Appellant's] sentence effective December 1, 1980.  Additionally, [Appellant] was convicted in Luzerne County on October 5, 1990 of [p]ossession of [d]rug [p]araphernalia and sentenced to a consecutive fifteen days [of] incarceration.

[Appellant] had been continuously incarcerated since December 1, 1980.

On July 1, 1991, [Appellant] was granted constructive parole to his "detainer sentence only." [Appellant] states that this constructive parole was rescinded by the parole board on or about June 28, 2000.

[Appellant filed a writ of *habeas corpus* in August 2012.] [Appellant's] contention is that the parole board erred in not crediting time during his constructive parole toward his first case. He believes that upon receiving constructive parole on July 1, 1991, he then began to serve his second ten to twenty-year sentence, which would have expired on or about July 10, 2011. After the addition of fifteen days for his paraphernalia conviction, [Appellant] contends his maximum date was July 25, 2011.

Trial Court Opinion, 2/7/2014, at 1-2 (record citations and footnote omitted).

On appeal, Appellant presents the following issues for our review:

I.   Did the lower court improperly consider [Appellee's] motion to dismiss when procedural rule[s] deem [Appellee's] failure to plead the facts of the complaint and motion for summary judgment on the admission to the facts pleaded?

II.  Did the lower court fail to address [Appellant's] claim for relief that he has fully served the 10 to 20[-]year term of Case No. 186/1981 through incarceration and 9½ years of constructive parole time credit, and he has fully served the 10 to 20[-] year term of Case No. 2372/1981, through incarceration, and the 15[-]day term of Case No. 250/1991 through incarceration?

III. Did the lower court improperly deem the relevant issue as the aggregation of sentence, when [A]ppellant was granted constructive parole in 1991, prior to case authority that denied [A]ppellant who was entitled to 9½ years of time credit against the sentence imposed on Case No. 186/1981?

Appellant's Brief at 4 (superfluous capitalization an suggested answers omitted).

We briefly summarize Appellant's contentions together. In 1981, Appellant was charged with rape, robbery, theft, and other related offenses. He pled guilty to some charges, the Commonwealth *nol prossed* various others, and the trial court ultimately sentenced Appellant to a term of 10 – 20 years of imprisonment. In 1982, a jury convicted Appellant of rape, and related offenses, and sentenced him to a 10 - 20 year sentence consecutive to the prior sentence. In 1990, Appellant pled guilty to possession of drug paraphernalia and the trial court sentenced him to an additional sentence of 15 days incarceration, consecutive to the previously imposed sentences. Appellant "alleges that his sentences have been fully satisfied and that the Department of Corrections and the [Pennsylvania] Board of Probation and Parole lack the jurisdiction to further incarcerate [Appellant] for any purpose because the criminal sentences are fully-served according to the orders of the sentencing [c]ourt and expired." ***Id.*** at 8 (parentheticals omitted). Appellant contends that he was granted constructive parole in 1991 and remained at liberty and in good standing until parole was rescinded in 2000. ***Id.*** at 10. Appellant claims that his second ten to 20-year sentence began upon his parole in 1991 and it expired in 2011. ***Id.*** at 10-11. He further claims that he served his 15-day consecutive sentence for possession of drug paraphernalia thereafter. ***Id.*** Appellant maintains that the Department of Corrections improperly aggregated the consecutive sentences. ***Id.*** at 11.

Thus, Appellant asserts that he is being detained illegally. *Id.* at 13. Finally, Appellant contends that the trial court improperly relied *ex post facto* upon ***Abraham v. Department of Corrections***, 615 A.2d 814 (Pa. Cmwlth. 1992) to aggregate his consecutively imposed sentences. *Id.* at 14-21.

We may not reach the merits of Appellant's claims, however, because we do not have jurisdiction. Appellant does not challenge the validity of his convictions or the legality of his sentences. Instead, he argues that the Board of Probation and Parole failed to give him the proper credit for time served on constructive parole and the Department of Corrections improperly aggregated his consecutive sentences. Such challenges are within the original jurisdiction of the Commonwealth Court. ***See Gillespie v. Commonwealth, Dep't of Corr.***, 527 A.2d 1061, 1063 (Pa. Cmwlth. 1987) ("[The Commonwealth Court's original jurisdiction is narrowly circumscribed to encompass civil actions or proceedings by or against the Commonwealth or any officer thereof acting in his official capacity or where otherwise specifically conferred by statute."); 42 Pa.C.S.A. § 761. "Even when neither party has raised the issue of jurisdiction, this Court may, *sua sponte,* determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court." ***Commonwealth v. Reed***, 696 A.2d 199, 200 (Pa. Super. 1997).

Here, Appellant is challenging the actions of two Commonwealth agencies, the Department of Corrections and the Board of Probation and Parole. In fact, the bulk of Appellant's appellate argument relies upon

Commonwealth Court decisions. Appellant alleges that the Department of Corrections improperly calculated his sentence. However, "[i]t is well-settled that if an alleged sentencing error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in Commonwealth Court challenging the Bureau's computation." **Commonwealth v. Hollawell**, 604 A.d 723, 725 (Pa. Super. 1992) (citation omitted). Appellant also alleges that the Board of Probation and Parole wrongfully refused to award him for time served. "Jurisdiction over complaints […] against State agencies administering the parole system, where the complaint is not a direct or collateral attack on the conviction or sentence, is vested exclusively in the Commonwealth Court." **McGriff v. Commonwealth**, 809 A.2d 455, 458 (Pa. Cmwlth. 2002) (citation omitted).

Therefore, this case should be addressed by the court that has original jurisdiction to entertain it. Accordingly, we transfer the instant appeal to the Commonwealth Court.

Finally, we note that Appellant's *ex post facto* claim is without merit. Appellant claims that aggregation of his two ten to 20-year sentences under 42 Pa.C.S.A. § 9757, as subsequently discussed by **Abraham v. Department of Corrections**, 615 A.2d 814 (Pa. Cmwlth. 1992), constitutes an *ex post facto* violation.

The Fourteenth Amendment of the Federal Constitution states, "[n]o State shall ... deny to any person within its jurisdiction the equal protection

of the laws." XIV, § 1. The Federal Constitution also prohibits the several States from "pass[ing] any ... ex post facto Law[.]" U.S. Const. Article I, § 10. Likewise, Article I, Section 17 of the Pennsylvania Constitution states that "[n]o *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const. Art. I, § 17. The Pennsylvania Supreme Court has stated:

> A law violates the *ex post facto* clause of the United States Constitution if it (1) makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) aggravates a crime, or makes it greater than it was when committed; (3) changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed; or (4) alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense in order to convict the offender.

*Comnmonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012) (citation omitted).

Here, the sentencing statute at issue was passed on October 5, 1980 and became effective 60 days later. *See* 42 Pa.C.S.A. § 9757. Upon review of the record, Appellant's convictions resulted from two separate bills of criminal information as filed by the Commonwealth. In both criminal matters, Appellant was arrested, charged, convicted and, most importantly, sentenced **after** Section 9757 became law. As such, there was no *ex post facto* violation.

Appeal transferred to the Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2014