# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,                             :
                    Appellant                 :
                                              :
                v.                            :   No. 1997 C.D. 2014
                                              :   SUBMITTED:  May 8, 2015
The Lackawanna County                         :
Commissioners, Corey O'Brien,                 :
James Wansacz and Patrick O'Malley            :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE LEADBETTER                        FILED:  November 18, 2015


Appellant, Joseph Pilchesky, appeals from the order of the Court of Common Pleas of Lackawanna County (trial court) dismissing his second amended complaint with prejudice.  We affirm.

On May 5, 2014, Appellant filed a complaint in mandamus and a request for injunctive relief against Appellees, Corey O'Brien, James Wansacz, and Patrick O'Malley (the "Commissioners"), who are all Lackawanna County Commissioners.  The Commissioners filed preliminary objections.  Appellant then filed an amended complaint in mandamus and a request for injunctive relief.  The Commissioners again filed preliminary objections and Pilchesky filed a second amended complaint in mandamus and a request for injunctive relief.  The

Commissioners filed a third set of preliminary objections. Thereafter, Appellant filed an answer and brief in opposition to preliminary objections and the Commissioners filed a brief in support of preliminary objections.

The trial court scheduled a hearing at which both parties presented oral arguments regarding the preliminary objections. Subsequently, the trial court denied the Commissioners' preliminary objections as to improper service, but sustained the preliminary objections as to lack of standing, sufficiency of the claim for mandamus relief, and sufficiency of the claim for injunctive relief. The trial court dismissed the case with prejudice. Appellant filed a notice of appeal with this Court and the trial court filed an opinion in compliance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a).

The gravamen of Appellant's action is that the Lackawanna County Board of Assessment appeals has been operating for a numbers of years with eight board members in violation of Section 8851 of the Consolidated County Assessment Law (Assessment Law), 53 Pa. C.S. § 8851, which provides for three board members. Appellant requested that the trial court order the Commissioners to cease appointment of additional board members. Appellant asserts that the trial court erred in concluding that he had not demonstrated that he possessed taxpayer standing, and in concluding that he had failed to state a cause of action upon which relief may be granted.

Appellant asserts that he has taxpayer standing to challenge the Commissioners' alleged violation of Section 8851 of the Assessment Law. Taxpayers, even ones not personally aggrieved, may challenge a governmental action if they satisfy the following requirements: (1) the governmental action would otherwise go unchallenged, (2) those directly and immediately affected by

2

the complained of expenditures are beneficially affected and not inclined to challenge the action, (3) judicial relief is appropriate, (4) redress through other channels is unavailable, and (5) no other persons are better situated to assert the claim. *Keith v. Commonwealth*, 116 A.3d 756, 758 (Pa. Cmwlth. 2015).

The trial court concluded that Appellant had failed to demonstrate that no other persons are better situated to assert the claim. Trial Court's Opinion at 7. We agree. Appellant wrote letters to the City of Scranton Office of District Attorney and the Pennsylvania Attorney General notifying them of the alleged statutory violation. Appellant's letters were dated May 1, 2014, and informed the district attorney and the attorney general that he wanted an answer by end of business May 8, 2014, or he would proceed on his own. Reproduced Record at 57a, 59a. As noted above, Appellant initiated this action on May 5. A lack of immediate response to a citizen's letter is not sufficient evidence to demonstrate that either office has declined to address the issue. Accordingly, we agree with the trial court that Appellant lacked standing because he failed to demonstrate that no other persons are better situated to assert the claim.

Appellant also argues that the trial court improperly dismissed his claim in mandamus and request for injunctive relief when it found that he failed to demonstrate a clear legal right to relief. Pennsylvania Rule of Civil Procedure 1028(a)(4), Pa. R.C.P. No. 1028(a)(4).

Mandamus relief is available only where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. *Kelly v. Pa. Bd. of Prob. & Parole*, 686 A.2d 883, 884 (Pa. Cmwlth. 1996). A party requesting injunctive relief must prove, *inter alia*, that the activity the petitioner seeks to restrain is actionable, the

3

right to relief is clear, and success on the merits is likely. *Lee Publ'ns, Inc. v. Dickinson Sch. of Law*, 848 A.2d 178, 189 (Pa. Cmwlth. 2004).

Appellant asserts that the Assessment Law authorizes the appointment of only three members of the board of assessment appeals. Section 8851(a) of the Assessment Law provides:

> Counties of the … third class shall … establish a board to be known as the board of assessment appeals, which shall be composed of three members. The members of the board shall be appointed by the county commissioners to serve for terms of four years each. Vacancies on the board shall be filled by appointment by the county commissioners for the unexpired terms. The salary of the members of the board shall be fixed by the salary board of the county.

However, Section 8853(a) of the Assessment Law, 53 Pa. C.S. § 8853(a),[1] provides that in conjunction with certain events, including the hearing and determination of

---

[1] Section 8853(a) states:

> In conjunction with a countywide revision of assessments involving either a change in the established predetermined ratio, or revaluing the properties and applying the predetermined ratio, *or in conjunction with hearing and determining appeals by a person aggrieved by an assessment,* or in conjunction with the homestead exclusion pursuant to Subchapter F of Chapter 85 (relating to homestead property exclusion) or Ch. 3 Subch. E of the act of June 27, 2006 (1st Sp.Sess., P.L. 1873, No. 1), known as the Taxpayer Relief Act, *the county commissioners may establish up to four temporary auxiliary appeal boards, each to be known as an auxiliary appeal board.* The term of existence for an auxiliary appeal board shall be the period of time required by the auxiliary appeal board to hear and determine appeals from new assessment values in accordance with this chapter and appeals taken from assessments in the next succeeding year or the period of time required to hear and determine appeals by any person aggrieved by an assessment in accordance with section 8844(e) (relating to notices, appeals and certification of values) or the period of time

**(Footnote continued on next page…)**

4

assessment appeals, the Commissioners may establish up to four temporary auxiliary appeal boards. Section 8853(b) of the Assessment Law states that auxiliary appeal boards shall be composed of three members and Section 8853(c) of the Assessment Law permits the Commissioners to also appoint no more than eight alternate members who may serve on any auxiliary board. We conclude that the appointment of five additional members is consistent with the law and the trial court did not err in denying mandamus or injunctive relief.

For all of the foregoing reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

**(continued…)**

required to hear and determine appeals arising from applications for the homestead exclusion. The authority of an auxiliary appeal board shall be limited to hearing and determining appeals from assessments in accordance with the provisions of this chapter and the regulations of the board established pursuant to section 8852 (relating to regulations of board). [Emphasis added.]

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Pilchesky,      :
     Appellant  :
           :
    v.      :  No. 1997 C.D. 2014
           :
The Lackawanna County    :
Commissioners, Corey O'Brien,  :
James Wansacz and Patrick O'Malley :

# **O R D E R**

    AND NOW, this 18th day of November, 2015, the order of the Court of Common Pleas of Lackawanna County is hereby AFFIRMED.

             _____
             **BONNIE BRIGANCE LEADBETTER,**
             Judge