J. S20028/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL KING WARREN, | : | No. 2473 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order, July 1, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004032-2015

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 06, 2017**

Daniel King Warren appeals, ***pro se***, from the July 1, 2016 order entered in the Court of Common Pleas of Lehigh County that denied his petition for writ of ***habeas corpus*** for lack of jurisdiction.  We affirm.

The trial court set forth the following:

> On February 4, 2016, [a]ppellant pled guilty to one count of Criminal Trespass,[1] graded as a Felony of the second degree.  In exchange for his entry of a guilty plea, the Commonwealth agreed to bind the court to a minimum sentence of 30 months of incarceration.  On the same date, [a]ppellant was sentenced to serve no less than 30 months nor more than 60 months at a state correctional institution.
>
> At a later date, [a]ppellant went before the Pennsylvania Board of Probation and Parole (hereinafter "PBPP") regarding [a]ppellant's previous case, docketed at 388/1998.  [] Appellant was

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).

ordered to serve the back time in case 388/1998, to be implemented prior to the sentence imposed by this Court on February 4, 2016 in case 4032 of 2015.

On June 16, 2016, [appellant] filed a **pro se** [Petition] for Writ of Habeas Corpus and Memorandum of Law in Support. Upon review of the procedural history of the case, and pursuant to **Palmer v. Pennsylvania Board of Probation and Parole**, 134 A.3d 160 ([Pa.Cmwlth.] 2016), [. . .] this Court determined it had no jurisdiction in this matter and denied the **pro se** [Petition] for Writ of Habeas Corpus on July 1, 2016.

[] Appellant filed a Notice of Appeal on July 25, 2016 and was subsequently ordered to file a Statement of Errors Complained of on Appeal. On August 26, 2016, [a]ppellant filed his Statement and this Opinion follows.

Trial court opinion, 9/15/16 at 2-3.

Appellant raises ten claims of error.[2] The gravamen of his complaint, however, is that the Pennsylvania Board of Probation and Parole

---

[2] Appellant frames his issues as follows:

    A.    Does the lower court have jurisdiction over appellant's claims when appellant is not compelling the performance of a ministerial act or duty of the parole board?

        1.    Does habeas corpus permits [sic] the sentencing court to review its own sentence regarding any disputes concerning the interpretation of appellant's sentence and the legality of the parole laws as being applied to appellant's sentence?

_____

B.    Does 61 Pa.C.S.A. § 6138(a)(5) prescribe a mechanism for sentencing which is in direct conflict with and unconstitutionally interferes with Pa.R.Crim.P. Rule 705 in violation of Article V Section 10(c) of the Pennsylvania Constitution and should be suspended?

C.    Does 61 Pa.C.S.A. § 6138(a)(5), unconstitutionally and illegally violate 42 Pa.C.S.A. § 322 by modifying the terms of the judge's sentencing order when there is no clear clerical error and this is a function exclusively reserved as a judiciary function and should be suspended and violative of the separation of powers doctrine?

D.    Does [61] Pa.C.S.A. § 6138(a)(5) unconstitutionally and illegally violate 42 Pa.C.S.A. § 5505 by modifying the terms of the judge's judicially imposed sentencing order way outside the 30 day window period?

    1.    Is this a function exclusively reserved for the judiciary and should be suspended as violative of the separation of powers doctrine?

E.    Does 61 Pa.C.S.A. § 6138(a)(5) deny appellant due process of law by altering appellant's judicially imposed sentence without notice or a hearing in a venue that has jurisdiction over both parties and subject matter?

    1.    Does § 6138(a)(5) countermand, interfere with and reverses [sic] the finali9ty [sic] of the judge's court order being an exclusive judicial function and should be suspended?

F.    As an executive branch, administrative agency, does the Pennsylvania Board of Probation and

("the Board") imposed an illegal sentence when it ordered appellant to serve back time in case 388/1998 before beginning to serve time in case 4032/2015.

"The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings[ a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," with exceptions not applicable here. 42 Pa.C.S.A. § 761(a)(1). When challenging an action of the Board in a parole matter, the nature of the allegations of the error and the relief sought determine whether the case comes within the Commonwealth Court's original jurisdiction. ***McGriff v. Pa. Commonwealth Bd. of Probation and Parole***, 809 A.2d 455, 458 (Pa.Cmwlth. 2002), ***affirmed per curiam, McGriff v. Pa. Bd. of Probation and Parole***, 838 A.2d 564 (Pa. 2003). "Jurisdiction over complaints sounding in mandamus against State agencies administering the

---

Parole have the power or authority to adjudicate the legality of sentence, to add, alter or delete sentencing conditions?

1.    Is the power or authority to adjudicate the legality of sentence by adding, deleting and altering sentencing conditions only divested in the sentencing court and done by an executive branch administrative agency violative of the separation of powers doctrine?

Appellant's brief at 2-4.

parole system, where the complaint is not a direct or collateral attack on the conviction or sentence, is vested exclusively in the Commonwealth Court." *Id.* (citation omitted).

Here, although appellant frames his complaint as one seeking *habeas* relief based on an illegal sentence, appellant challenges a statutorily authorized action of the Board, which is an administrative agency that administers the parole system; specifically, appellant challenges the Board's statutorily imposed requirement that appellant serve back time prior to serving a new sentence. The Board's powers and duties with respect to parole violations are set forth in 61 Pa.C.S.A. § 6138 and include requirements for service of back time. Nonetheless, in his petition for writ of *habeas corpus*, appellant requested that the trial court "suspend [Section 6138] and commence [appellant's] sentence to start running and credit all time from March 23, 2016 when [appellant's] sentence was stopped from running." (Appellant's *pro se* petition for writ of *habeas corpus*, 6/16/16.) As such, appellant's claim sounds in mandamus and jurisdiction over that claim falls within the exclusive original jurisdiction of the Commonwealth Court. Therefore, the trial court properly denied appellant's motion for writ of *habeas corpus*.

Order affirmed.

Ott, J. joins this Memorandum.

Bowes, J. files a Dissenting Memorandum.

J. S20028/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:10/6/2017