# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lester Masker,                              :
              Petitioner          :
                               :
        v.                                   :
                               :
Pennsylvania Department of             :
Corrections (Pa. DOC) and              :
Pennsylvania Parole Board,             :    No. 243 M.D. 2020
              Respondents         :    Submitted:  November 5, 2021

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge[1]
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED:  January 25, 2022

Before the Court are "Respondents' Preliminary Objections to Petition for Review" (Preliminary Objections) filed by the Pennsylvania Department of Corrections (DOC) and the Pennsylvania Parole Board (Board) (collectively, Respondents) in this Court on May 13, 2021, in response to Petitioner Lester Masker's (Petitioner) Petition for Writ of Mandamus (Petition).  Representing himself, Petitioner seeks an order compelling Respondents to recalculate his sentence of incarceration.  Respondents assert that Petitioner fails to state a cognizable claim because he is not entitled to a credit on his original sentence for time spent incarcerated as a parole violator.  Respondents further assert that this

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

Court lacks jurisdiction to determine Petitioner's claim in our original jurisdiction because the Board represents the proper tribunal in which to challenge sentence maximum recalculations and this Court reviews such Board determinations in its appellate jurisdiction. For the reasons that follow, we sustain the Preliminary Objections.

## I. Background

On August 24, 2007,[2] the Court of Common Pleas of Pike County (trial court) sentenced Petitioner to an aggregate of 7 to 20 years of incarceration following his guilty plea to the crimes of involuntary deviate sexual intercourse with a person less than 16 years of age, incest, indecent assault of a person less than 13 years of age, corruption of minors, and indecent assault of a person less than 16 years of age (Original Case). *See* Petition at 4;[3] *see also* Trial Court Docket No. CP-52-CR-0000026-2007 at 3 & 5-6.

After being released on parole in the Original Case in July of 2015, Petitioner was reincarcerated as a parole violator on April 29, 2016, following his arrest on new criminal charges (Second Case). *See* Petition at 4. Petitioner never posted bail and, on May 8, 2019,[4] was sentenced in the Second Case to an aggregate

---

[2] The Petition incorrectly lists January 8, 2007, as the date the Court of Common Pleas of Pike County (trial court) imposed Petitioner's sentence in his original case. *See* Petition at 4. Petitioner's brief instead notes "January 2007" as his arrest date and his date of sentencing as "September 2007." Petitioner's Br. at 7. We note that the trial court docket indicates Petitioner was arrested in January of 2007, pleaded guilty on April 19, 2007, and was sentenced on August 24, 2007. *See* Trial Court Docket No. CP-52-CR-0000026-2007 at 2-6.

[3] Petitioner's initial filing included both the Petition and a Motion for Leave to Proceed *In Forma Pauperis* such that the pagination for the actual Petition begins with page 3. *See generally* Petition. We maintain Petitioner's pagination scheme herein.

[4] The Petition lists the date of his sentencing in the Second Case as May 8, 2016. *See* Petition at 4. The trial court docket from the Second Case reveals, however, that Petitioner was

term of incarceration of 5 to 10 years to run concurrent to the Original Case. *See* Petition at 4; *see also* Trial Court Docket No. CP-52-CR-0000739-2016 at 6-9.

On March 23, 2020, Petitioner filed the Petition alleging that Respondents have failed to comply with the trial court's sentencing order in the Second Case by refusing to award him credit toward the 951 days of time served between his second arrest and his sentencing in the Second Case and by failing to run his sentences from the Original Case and Second Case concurrently. *See* Petition at 4-6. On May 13, 2021, Respondents filed their Preliminary Objections, arguing, first, that Petitioner has failed to state a claim on which relief (mandamus) may be granted; and second, that this Court lacks original jurisdiction to determine the claims of the Petition. *See* Preliminary Objections at 2-6. The parties have each submitted briefs, and the matter is now ripe for determination by this Court.[5]

## II. Discussion

Initially, we note that a petition in the nature of mandamus seeks to compel the performance of a ministerial act or mandatory duty. *See Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021). As this Court has explained:

> To prevail in mandamus, a petitioner must demonstrate (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) there are no other adequate and

---

sentenced on May 8, 2019, following Petitioner's plea of *nolo contendere* entered in the trial court on May 3, 2019. *See* Trial Court Docket No. CP-52-CR-0000739-2016 at 6-9 & 19-20.

[5] When ruling on preliminary objections,

> the courts accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the facts. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party.

*Gregory v. Pa. State Police*, 160 A.3d 274, 276 (Pa. Cmwlth. 2017).

3

appropriate remedies at law. A mandatory duty is one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority. Mandamus is an extraordinary remedy and may not be used to establish legal rights.

*Id.* (internal quotation marks and citations omitted).

Section 6138(a)(5)(i) of the Prisons and Parole Code (Code) provides:

(5) If a new sentence is imposed on the offender, *the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed* in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i) (emphasis provided). Our Supreme Court has held, therefore, that a parole violator's backtime[6] on an original sentence and a new sentence must be served consecutively, regardless of any guilty plea agreement and/or sentence directing that the original sentence backtime and the new sentence run concurrently. *See Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976); *Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983). This Court has followed the Code and the Supreme Court in determining that backtime and new sentences may not be served concurrently, regardless of a trial court order that the sentences are to run concurrently. *See Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767 (Pa.

---

[6] "Back[time] is that part of an existing judicially[] imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled.").

4

Cmwlth. 2015). As a result, this Court has held that "any agreement with [a defendant] indicating that his new criminal sentence would run concurrently with his backtime [is] invalid." *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016).

Here, Petitioner was originally sentenced to 7 to 20 years' incarceration on August 24, 2007. He was reincarcerated as a parole violator on April 29, 2016, and never posted bail. Thereafter, he was sentenced to a new sentence of 5 to 10 years' incarceration. Petitioner needed to complete the backtime on his original sentence before he could begin to serve his new sentence, regardless of any agreement or sentence to the contrary. *Zuber*; *Palmer*; *Wilson*. Accordingly, Petitioner's claim that his backtime and new sentence should run concurrently lacks merit.

Further, to the extent Petitioner claims that he should receive a credit on his original sentence for the time he spent incarcerated while awaiting trial on his new charges, he is incorrect. Our Supreme Court has long held that where a parole violator remains incarcerated prior to trial on new charges because he has failed to satisfy bail requirements on the new criminal charges, such pre-trial custody time is credited to the parole violator's new sentence, not his original sentence.[7] *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).

For these reasons, the factual averments contained in the Petition, even accepted as true, fail to state a claim upon which Petitioner may be granted relief and thus do not entitle Petitioner to the mandamus relief he requests. Therefore, we sustain Respondents' first preliminary objection in the form of a demurrer.

---

[7] This rule applies unless the parolee is not convicted or receives no new sentence on the new charges, in which case the pre-trial custody time must be applied to the parolee's original sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980).

Next, to the extent Petitioner challenges the revocation and recalculation of his parole in the Original Case, we note that Petitioner seeks to bring this claim in our original jurisdiction. However, such a claim must be brought before this Court in our appellate jurisdiction, not our original jurisdiction, following an adverse determination by the Board in the process of exhausting available administrative remedies. *See McMahon v. Pa. Bd. of Prob. & Parole*, 470 A.2d 1337 (Pa. 1983); *McGriff v. Commonwealth*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002), *aff'd sub nom. McGriff v. Pa. Bd. of Prob. & Parole*, 838 A.2d 564 (Pa. 2003) ("The Board's recalculation of a parole violation maximum term of expiry is within this Court's appellate jurisdiction, and is not a matter within the Court's original jurisdiction."); *see also* 61 Pa.C.S. § 6113(d) (appeal of parole revocation decision must be made within 30 days of the Board's order). Petitioner did not avail himself of available administrative relief in this matter. He may not now bring the claim before this Court in our original jurisdiction. *See McMahon*; *see also Anderson v. Commonwealth* (Pa. Cmwlth., No. 372 M.D. 2010, filed Sept. 28, 2011),[8] slip op. at 3-4. Accordingly, we also sustain Respondents' second preliminary objection asserting lack of original jurisdiction.

## III. Conclusion

For the foregoing reasons, we sustain the Preliminary Objections and dismiss the Petition with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lester Masker, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Department of | : | |
| Corrections (Pa. DOC) and | : | |
| Pennsylvania Parole Board, | : | No. 243 M.D. 2020 |
| Respondents | : | |

## O R D E R

AND NOW, this 25th day of January, 2022, Respondents' Preliminary Objections to the Petition for Review filed by the Pennsylvania Department of Corrections and the Pennsylvania Parole Board are SUSTAINED, and Lester Masker's Petition for Writ of Mandamus is DISMISSED with prejudice.

_____

CHRISTINE FIZZANO CANNON, Judge