IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Marten,                          :
                                         :
                   Petitioner            :
                                         :
          v.                             :  No. 217 M.D. 2025
                                         :  Submitted: May 12, 2026
Pennsylvania Parole Board,               :
                                         :
                   Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                     FILED:  June 25, 2026


          Before this Court, in our original jurisdiction, is the Application for
Summary Relief (Application) filed by the Pennsylvania Parole Board (Board) in
response to Jeffrey Marten's (Inmate) *pro se* Motion for Peremptory Judgment
(Motion).  Inmate, currently housed at State Correctional Institution – Huntingdon,
filed his Motion in relation to his earlier amended Petition for Review in the nature
of Mandamus (Petition) of the Board's purported refusal to consider Inmate's
application for parole.  After careful consideration of the foregoing filings, we will
grant the Board's Application and thereby deny Inmate's Motion.  Inmate's Petition
is likewise dismissed.

By way of background, the General Assembly's Act 124 of 2020 (Act 124)[1] was signed into law by Governor Wolf on November 25, 2020, adding Section 6139(a)(3.3) and (3.4) to the Prisons and Parole Code (Parole Code). In pertinent part, Section 6139(a)(3.3) created an exception to the Board's duties concerning offenders who were sentenced under certain provisions of the Crimes Code like murder, 18 Pa. C.S. §2502(c), kidnapping, *id*. §2901(a.1), or rape, *id*. §3121. *See* 61 Pa. C.S. §6139(a)(3.3). This exception relaxed the Board's duty to consider and dispose of an offender's parole application from one year after the date of the offender's most recent application, *see id*. §6139(a)(2)-(3), to three years.

Section 2 of Act 124, however, clarified that this addition would apply, in relevant part, to:

> (1) Individuals convicted of an offense set forth in 61 Pa. C.S. §6139(a)(3.3) before the effective date of this section who remain under the jurisdiction of the Department of Corrections.

> (2) Individuals who commit an offense set forth in 61 Pa. C.S. §6139(a)(3.3) on or after the effective date of this section.

Act 124 came into effect immediately upon approval, *i.e.*, November 25, 2020.

Against this backdrop, and per Inmate's Petition, Inmate was convicted of rape, *inter alia*, in 1999 and thereafter sentenced to serve 18 to 36 years of imprisonment in a State Correctional Institution. Petition ¶5. *On October 19, 2020*, the Board granted Inmate parole and ordered his release from the Department of Corrections' custody. *Id*. ¶¶6-7. Inmate was recommitted as a technical parole violator and detained on October 17, 2022, pending the disposition of new criminal

---

[1] Act of November 25, 2020, P.L. 1219, No. 124.

charges against him relating to indecent exposure.[2]  *See id.* ¶¶8-9; Board's Answer and New Matter (New Matter) ¶¶36-38.  Inmate was ultimately convicted on his indecent exposure charges and sentenced to another three years of incarceration.  New Matter ¶38.  The Board consequently recommitted Inmate as a convicted parole violator on October 17, 2023.  *Id.* ¶¶39-40.

After consideration, on April 15, 2024, the Board denied Inmate parole from his 1999 sentences.  Petition ¶12. Inmate subsequently sent an inquiry to the Board on February 24, 2025.  *Id.* ¶13.  More particularly, Inmate inquired:

> I am requesting clarification of the [Board's] statutory rule set forth at [Section 6139(a)(3.3) of the Parole Code.]
>
> * * *
>
> Query?  Although I was convicted prior to the effective date of November 25, 2020, I was not under the jurisdiction of the [D]epartment of [C]orrections from October 2020 through May 2023 as I was under the jurisdiction of the [B]oard during this time period, if I elect to submit an application for parole one year after my April 2024 [B]oard decision, would my application be subject to Section 6139(a)(3.3)?

Petition, Exhibit A.  In a curt response dated March 26, 2025, the Board, via its Records and Administration Office, stated:  "You cannot file a parole application within three years from the date a Board decision was recorded after a parole review."  Petition, Exhibit B.

This response prompted Inmate to file his Petition arguing that Section 6139(a)(3.3) of the Parole Code does not apply to him given the plain text of its enabling legislation.  *See* Petition ¶¶22-28.  As indicated, because Act 124 became effective on November 25, 2020, shortly *after* Inmate was paroled, Inmate asserts

---

[2] *See* Section 3127(a) of the Pennsylvania Crimes Code, 18 Pa. C.S. §3127(a).

3

that he was under the Board's jurisdiction, not the Department of Corrections' jurisdiction, rendering Section 6139(a)(3.3) inapplicable to him. Inmate thus asks this Court to "compel the Board to accept, consider, and dispose of a parole application submitted by [Inmate] pursuant to the Board's mandatory parole procedure set forth at [Section 6139(a)(2)-(3) of the Parole Code.]" *Id*. ¶29. Inmate's Motion followed on October 29, 2025, arguing substantially the same.

Inmate's motion spurred the Board's Application[3] on November 13, 2025. Therein, the Board argues that Inmate is not entitled to peremptory relief because he misunderstands the nature of parole. That is, notwithstanding Inmate's time at liberty, the Board avers Inmate "has been within the jurisdiction of the Pennsylvania Department of Corrections at all times relevant to this case." Application ¶11. Further, in opposition to Inmate's Motion, the Board argues that Inmate cannot be entitled to peremptory relief as the Board possesses no duty to consider a parole application where said application has yet to be filed. Board's Brief at 7. The Board thereby likens this matter to our decision in *Kelly v. Pennsylvania Board of Probation and Parole*, 686 A.2d 883 (Pa. Cmwlth. 1996).

---

[3] We have explained:

> An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 598 Pa. 16, 953 A.2d 514, 521 (2008); *Eleven Eleven Pennsylvania, LLC v. Commonwealth*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, "'we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven Eleven*, 169 A.3d at 145 (quoting *Markham v. Wolf*, 147 A.3d 1259, 1270 (Pa. Cmwlth. 2016) (citation omitted)).

*Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018).

Relevant to Inmate's mandamus claim,

> [t]he common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. Pennsylvania Department of Health, Office of Drug & Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, [] 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires "[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law." *Crozer Chester Medical Center v. Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 193 (Pa. 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

*Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). In a mandamus action, Pennsylvania Rule of Civil Procedure 1098 permits a court to enter peremptory judgment in the movant's favor "[a]t any time after the filing of the complaint . . . if the right of the plaintiff thereto is clear." As with a motion for summary judgment, *Wolgemuth v. Kleinfelter*, 437 A.2d 1329, 1331 (Pa. Cmwlth. 1981), entering peremptory judgment is only appropriate in the "clearest of cases where there is no doubt as to the absence of material fact. The burden of demonstrating that there is no dispute to a material fact is on the moving party, and the record must be examined in the light most favorable to the moving party." *Thayer v. Lincoln Borough*, 687 A.2d 1195, 1197 (Pa. Cmwlth. 1997) (citing *Wasowich v. McKeesport Municipal Water Authority*, 503 A.2d 1084, 1085 (Pa. Cmwlth. 1986)).

Regarding the Board's duties, the Parole Code both empowers the Board to "grant parole on its own motion . . .[,]" 61 Pa. C.S. §6139(a)(1), and

5

charges the Board with the duty to "consider applications for parole by an offender or the offender's attorney." *Id*. §6139(a)(2); *see also* Section 63.1(a)-(b) of the Board's Regulations, 37 Pa. Code 63.1(a)-(b). Section 63.1(c) of the Board's Regulations provides: "After review and consideration of each application, the Board will grant or deny approval to each applicant who is seeking parole." 37 Pa. Code 63.1(c).

Because the Parole Code and the Board's Regulations require the Board's consideration of an application upon receipt, mandamus will lie to compel the Board to consider a duly filed application for parole. *See, e.g.*, *Marshall v. Pennsylvania Board of Probation and Parole*, 638 A.2d 451, 454 n.8 (Pa. Cmwlth. 1994). But, as we explained in *Kelly*, 686 A.2d at 884, the Board's duty to consider an inmate for parole is either purely discretionary or manifests upon the inmate's filing of an application. Therein, an inmate filed a mandamus action in this Court's original jurisdiction seeking an order to compel the Board to provide him with a parole decision. *Id.* at 884-85. The Board filed preliminary objections in the nature of a demurrer asserting that it possessed no duty to issue a parole decision, where, as there, the inmate had filed no application for parole. *Id.* at 885. We concluded:

> [a]lthough mandamus will lie to compel the Board to act upon a parole application if it has not done so within six months of its filing, as required by [the former Parole Act,[4]] both the statute and the regulation specifically condition the Board's duty to act only upon the filing of a parole application. *Weyand v. Pennsylvania Board of Probation and Parole*, 503 A.2d 80 (Pa. Cmwlth. 1986). Where no application has been filed, the Board has no duty

---

[4] Act of August 6, 1941, P.L. 861, *as amended*, formerly 61 P.S. §§331.1-331.34a, repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. *See also Nieves v. Pennsylvania Board of Probation and Parole*, 995 A.2d 412, 417 n.10 (Pa. Cmwlth. 2010) (The Parole Act was repealed by the Act of August 11, 2009, consolidating the Parole Act in the Parole Code).

to automatically consider for parole a prisoner who has completed his or her minimum term.

> ***In the present case, [the inmate] does not allege that he has filed an application for parole with the Board. Therefore, he has established neither a right to a decision regarding his parole nor a duty on the part of the Board to issue one.*** Because [the inmate] has failed to establish a clear right to relief or a clear duty on the part of the Board, he cannot maintain his mandamus action.

*Id*. at 885 (emphasis added). This Court thus sustained the Board's preliminary objection and dismissed the inmate's petition for review.[5] *Id*.; *see also McGriff v. Pennsylvania Board of Probation and Parole*, 809 A.2d 455, 458-59 (Pa. Cmwlth. 2002).

Here, Inmate, as evidenced by his very own averments and attendant filings, has not filed a parole application with the Board. Inmate, who is in an admittedly curious situation given the timing of his initial parole and the adoption of Act 124, instead filed an *inquiry* with the Board. But that very same inquiry explicitly acknowledges that he has not yet filed a parole application. The inquiry even phrases the question hypothetically. *See* Petition, Exhibit A ("[I]f I elect to submit an application for parole one year after my April 2024 [B]oard decision, would my application be subject to Section 6139(a)(3.3)?"). Absent Inmate's actual filing of a parole application with the Board, he cannot establish "a right to a decision regarding his parole nor a duty on the part of the Board to issue one[,]" *Kelly*, 686 A.2d at 885, such that Inmate's Petition and his Motion must fail.[6]

---

[5] The Court also granted the inmate leave to amend his petition for review within 25 days of the decision to include an allegation that he filed a parole application with the Board. *See Kelly*, 686 A.2d at 855 n.3. Given the facts of this case, as discussed *infra*, there is no need for this Court to do the same now.

[6] Based on our disposition, we offer no opinion on the applicability of Section 6139(a)(3.3) as against Inmate or those similarly situated.

Accordingly, we grant the Board's Application and deny Inmate's Motion. Inmate's Petition for Review is similarly dismissed.


 

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Marten,             :
                           :
           Petitioner     :
                           :
             v.           : No. 217 M.D. 2025
                           :
Pennsylvania Parole Board,    :
                           :
           Respondent :

# **O R D E R**

AND NOW, this 25th day of June, 2026, the Pennsylvania Parole Board's Application for Summary Relief is **GRANTED** and Jeffrey Marten's Motion for Peremptory Relief is thereby **DENIED** and his amended Petition for Review is **DISMISSED**.

_____
MICHAEL H. WOJCIK, Judge