IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Valley Associates, LLC,      :
                       Petitioner    :
                                :
          v.                  : No. 151 M.D. 2025
                                : Submitted: May 12, 2026
Horsham Township,           :
                     Respondent  :

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                       FILED: June 22, 2026

Keith Valley Associates, LLC (Keith Valley) filed a complaint in this Court's original jurisdiction, which we docketed as a petition for review (Petition), alleging Horsham Township (Township) violated the statutory provisions commonly known as the Agriculture, Communities and Rural Environment Act (Act).[1] The Township responded with Preliminary Objections (POs) arguing insufficient specificity, failure to exercise or exhaust a statutory remedy, lack of subject matter jurisdiction, and legal insufficiency. After careful review, we sustain the POs and dismiss the Petition with prejudice.

---

[1] 3 Pa.C.S. §§ 311-18.

## BACKGROUND

We take the relevant facts of this matter from Keith Valley's Petition, filed on April 24, 2025. Keith Valley owns a 100-acre property (Property) in the Township.[2] Petition ¶¶ 4-5. On December 2, 2024, Keith Valley's counsel sent a letter, notifying Township officials of its "intention to commence forestry activities on the Property." *Id.* ¶ 10. Keith Valley did not request a zoning determination. *Id.* ¶ 12. Nonetheless, the Township's zoning officer (Zoning Officer) issued an Order and Determination on December 11, 2024, indicating Keith Valley would need to obtain a zoning permit before commencing forestry activities. *Id.* ¶¶ 12-13.

Keith Valley appealed the Order and Determination to the Horsham Township Zoning Hearing Board (Board), which held a hearing on March 11, 2025. Petition ¶¶ 15-16. At the hearing, the Zoning Officer acknowledged this was the first time in his 15-year career that he "issued a zoning determination that was not requested." *Id.* ¶¶ 17(a), 21. The Zoning Officer explained property owners may not engage in forestry activities without submitting a zoning permit application, and property owners who intend to engage in forestry activities should request a meeting with Township staff. *Id.* ¶ 17(b)-(c). Despite Keith Valley's assertion that it intended to conduct forestry, the Zoning Officer expressed concern that Keith Valley would develop the Property.[3] *Id.* ¶ 24.

The day after the hearing, Keith Valley's counsel sent an e-mail to the Zoning Officer and requested a meeting with Township staff. Petition ¶ 25. The Township's counsel responded that the Township would not meet with Keith Valley because the

---

[2] The Township is located in Montgomery County. Petition ¶ 2.

[3] Keith Valley avers it previously "explored the possibility" of developing the Property with single-family homes but did not ultimately pursue that course of action because the Township's "array of exorbitant and excessive fees and assessments" made it cost prohibitive. Petition ¶¶ 29-33.

2

appeal before the Board was ongoing.[4]  *Id.* ¶ 26.  On March 20, 2025, Keith Valley's counsel sent a letter to the Township's counsel and the Zoning Officer "requesting a list of the documents the Township requires for the commencement of forestry."  *Id.* ¶ 27.  The Township did not provide the requested list.  *Id.* ¶ 28.

The Petition includes three counts.  Count I alleges the Township violated the Act by imposing "relentless impediments" on its proposed forestry operations on the Property with no basis in the Township zoning ordinance (Ordinance), including the requirement that Keith Valley apply for a zoning permit, the Zoning Officer's Order and Determination "compelling an appeal" to the Board, and the refusal to meet with Keith Valley as the Zoning Officer proposed at the hearing.  Petition ¶¶ 39-43.  Keith Valley asks that this Court enjoin the Township "from taking any action or imposing any requirement" that prevents Keith Valley from beginning forestry operations, and that we award attorney's fees and costs.  *Id.*, Count I Wherefore Clause.  In Count II, Keith Valley requests that we declare the Order and Determination "null as contrary to law" because the Zoning Officer lacked the authority to issue a determination sua sponte.  *Id.* ¶¶ 47-49.  Finally, in Count III, Keith Valley requests that we enjoin the Township from violating the Act and the Ordinance by requiring a zoning permit for forestry activities.  *Id.* ¶¶ 51-53.

The Township filed its POs on May 22, 2025, alleging insufficient specificity as to all counts, failure to exercise or exhaust a statutory remedy and lack of subject matter jurisdiction as to Count II, and legal insufficiency as to all counts.[5]  Regarding

___

[4] The Township avers in its POs that the Board held a second hearing on April 15, 2025, and was scheduled to render its decision on July 8, 2025.  POs ¶¶ 42-43.  The pleadings do not reveal what decision the Board reached.

[5] The Township initially included, but later withdrew, a PO challenging personal jurisdiction based on improper service of the Petition.

insufficient specificity, the Township maintains Keith Valley did not aver facts in its Petition supporting the conclusion "that what it intended to commence was actually 'forestry' as defined under the . . . Ordinance and state law" or otherwise establishing that the Township's act of "refusing to accept [Keith Valley's] bald and unsupported assertion at face value, without question" was illegal. POs ¶¶ 27-30. The Township argues this deficiency renders it unable to prepare a defense to the Petition. *Id.*

Regarding failure to exercise or exhaust a statutory remedy and lack of subject matter jurisdiction, the Township contends Keith Valley is not entitled to declaratory relief because the Board possesses exclusive jurisdiction to hear any appeal from the Order and Determination, after which the aggrieved party may appeal to the court of common pleas. POs ¶¶ 40-45. With respect to legal insufficiency, as to Count I, the Township contends Keith Valley failed to define the term "forestry," explain how its proposed activities on the Property will fall within that definition, or explain how the activities are legally protected. *Id.* ¶¶ 56-58, 64. As to Count II, the Township again argues the exclusive procedure for challenging the Order and Determination begins with an appeal to the Board. *Id.* ¶ 69. As to Count III, the Township maintains Keith Valley merely restates the injunctive relief requested in Count I.[6] *Id.* ¶ 75.

## DISCUSSION

In reviewing preliminary objections, we must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments." *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). However, we need not accept any legal conclusions, unwarranted inferences, argumentative allegations, or opinions. *Id.* The Court cannot sustain the preliminary objections unless we are certain "that the law will not permit recovery, and any doubt

---

[6] Keith Valley filed a Response to the Township's POs on June 11, 2025.

4

should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

The Act prohibits a "local government unit"[7] from adopting or enforcing "an unauthorized local ordinance" and allows any aggrieved person to bring an action in our original jurisdiction to invalidate or enjoin the enforcement of such an ordinance. *See* Sections 313(a) and 315(b) of the Act, 3 Pa.C.S. §§ 313(a), 315(b).[8] Critical to our disposition, the Act defines an "unauthorized local ordinance" as one that a local government unit enacts or enforces that does any of the following:

> (1) Prohibits or limits a normal agricultural operation unless the local government unit:
>
>> (i) has expressed or implied authority under State law to adopt the ordinance; and
>>
>> (ii) is not prohibited or preempted under State law from adopting the ordinance.
>
> (2) Restricts or limits the ownership structure of a normal agricultural operation.

Section 312 of the Act, 3 Pa.C.S. § 312.

In addition, the Act adopts the definition of "normal agricultural operation" from the provisions commonly known as the Right to Farm Act.[9] Section 312 of the Act, 3 Pa.C.S. § 312. A "normal agricultural operation" is defined as follows:

---

[7] A "local government unit" is "[a] political subdivision of the Commonwealth." Section 312 of the Act, 3 Pa.C.S. § 312.

[8] Section 315(a) of the Act, 3 Pa.C.S. § 315(a), separately provides the Attorney General may bring an action to invalidate or enjoin the enforcement of an unauthorized local ordinance. "An owner or operator of a normal agricultural operation" may ask that the Attorney General review an ordinance and consider whether to bring an action. Section 314(a) of the Act, 3 Pa.C.S. § 314(a).

[9] Act of June 10, 1982, P.L. 454, *as amended*, 3 P.S. §§ 951-58.

5

The activities, practices, equipment and procedures that farmers adopt, use or engage in the production and preparation for market of poultry, livestock and their products and in the production, harvesting and preparation for market or use of agricultural, agronomic, horticultural, silvicultural and aquacultural crops and commodities and is:

> (1) not less than ten contiguous acres in area; or

> (2) less than ten contiguous acres in area but has an anticipated yearly gross income of at least $10,000.

The term includes new activities, practices, equipment and procedures consistent with technological development within the agricultural industry. Use of equipment shall include machinery designed and used for agricultural operations, including, but not limited to, crop dryers, feed grinders, saw mills, hammer mills, refrigeration equipment, bins and related equipment used to store or prepare crops for marketing and those items of agricultural equipment and machinery defined by the act of December 12, 1994 (P.L. 944, No. 134), known as the Farm Safety and Occupational Health Act. Custom work shall be considered a normal farming practice.

Section 2 of the Right to Farm Act, 3 P.S. § 952.

Here, Keith Valley does not allege in its Petition that the Ordinance meets the definition of an "unauthorized local ordinance." Keith Valley acknowledges instead that the Ordinance permits its proposed forestry operations and argues the Township is violating the terms of the Ordinance. Keith Valley explains in its Petition that its Property is located in the Township's R-1 zoning district, where "Agricultural Use," including forestry, is permitted by right. Petition ¶¶ 6-8. Keith Valley also contends the Ordinance does not require a permit to engage in forestry because the Ordinance exempts activities protected under the Right to Farm Act from permit requirements. *Id.* ¶¶ 9, 14, 38, 41, 51. Keith Valley maintains the Township Code does not include any requirements relating to forestry "[e]xcept for a reference to forestry options as permitted in the floodplain conservation district and riparian corridor district, as well

as a reference to logging in the . . . stormwater management regulations." *Id.* ¶ 42. In sum, Keith Valley alleges the Township "continues to violate the Township [C]ode" and is engaging in "ongoing violations of the . . . Ordinance due to the zoning permit application requirement." *Id.* ¶¶ 52-53.

Keith Valley makes similar arguments in its Response to the Township's POs and in its brief. Keith Valley contends the Township is requiring a permit to engage in forestry on the Property, despite "language within the Township [C]ode expressly stating that no zoning permit is required for forestry." Response ¶ 63. Additionally, Keith Valley maintains the Township is requiring it to "obtain a zoning permit prior to commencing forestry despite [O]rdinance language which provides that no permit is required." Keith Valley's Br. at 4, 9, 13. In response to the Township's contention that Keith Valley failed to identify an ordinance in violation of the Act, Keith Valley asserts "that it is the Township's enforcement of its . . . [O]rdinance to prevent [Keith Valley] from commencing forestry on the Property that constitutes a violation of [the Act]." *Id.* at 13. Keith Valley also argues "[t]he Order and Determination constitutes a violation of" the Act because it requires a zoning permit contrary to the language of the Ordinance. *Id.* at 23.

Accordingly, because Keith Valley has not alleged the Township's Ordinance is an "unauthorized local ordinance," and in fact concedes the opposite, Keith Valley has not, and cannot, establish a violation of the Act. *See* Sections 313(a) and 315(b) of the Act, 3 Pa.C.S. §§ 313(a), 315(b). By Keith Valley's own admission, its quarrel is not with the Ordinance but with the Township's purported misinterpretation of the Ordinance as enforced in the Zoning Officer's Order and Determination. The Board

7

has exclusive jurisdiction to hear an appeal from the Order and Determination under the Pennsylvania Municipalities Planning Code (MPC)[10]:

> (a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
>
> . . . .
>
> (3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

Section 909.1(a)(3) of the MPC,[11] 53 P.S. § 10909.1(a)(3). The next step is to appeal the Board's decision to the court of common pleas. Section 1002-A(a) of the MPC,[12] 53 P.S. § 11002-A(a). Only then may an aggrieved party file an appeal to this Court. *See* Section 762(a)(4) of the Judicial Code, 42 Pa.C.S. § 762(a)(4).

We emphasize this matter is readily distinguishable from our recent opinion in *McNew v. East Malborough Township*, 295 A.3d 1 (Pa. Cmwlth. 2023). In *McNew*, a landowner sold the rights to "conduct timbering activities" on his 20-acre property to a corporation, which applied for a zoning permit on the landowner's behalf. *Id.* at 4. The township zoning officer denied the application, citing its noncompliance with various requirements of the local zoning ordinance. *Id.* at 5. The landowner did not appeal the denial to the zoning hearing board but instead filed a petition for review in this Court's original jurisdiction, alleging a violation of the Act and asking this Court

---

[10] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[11] Added by Section 87 of the Act of December 21, 1988, P.L. 1329.

[12] Added by Section 101 of the Act of December 21, 1988, P.L. 1329.

to invalidate and enjoin enforcement of the relevant provisions of the ordinance. *Id.* at 6-8. The township and its board of supervisors filed preliminary objections, which we sustained in part and overruled in part. *Id.* at 4, 8.

In reaching this decision, we overruled a preliminary objection contending the landowner failed to exercise or exhaust his statutory remedy of filing an appeal to the zoning hearing board. *McNew*, 295 A.3d at 9. We acknowledged the zoning hearing board's exclusive jurisdiction over appeals from a zoning officer's decision. *Id.* at 9-10. Moreover, we acknowledged a landowner must generally exhaust this available remedy before bringing an action in court. *Id.* at 10. We explained, nonetheless, that our General Assembly chose to limit municipalities' zoning powers through the Act, and that the Act expressly conferred jurisdiction on the Court to hear the landowner's challenge to the ordinance. *Id.* at 12-13.

We also addressed case law providing an exception to the exhaustion doctrine. *McNew*, 295 A.3d at 11. We explained exhaustion "is not required where a statutory scheme's constitutionality or validity is being challenged," nor is it required where a "regulation itself causes actual, present harm prior to its enforcement." *Id.* (quoting *Pocono Manor Invs., LP v. Dep't of Env't Prot.*, 212 A.3d 112, 116 (Pa. Cmwlth. 2019)) (en banc) (citations and quotation marks omitted). We reasoned:

> This Court recognizes that the exhaustion doctrine's purpose is to prevent premature judicial intervention in the administrative process and ensure that claims will be addressed by the body with expertise in the area. However, our Supreme Court has explained that [t]he more clearly it appears that the question raised goes directly to the validity of the statute[,] the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Id.* at 13-14 (alterations in original) (citations and quotation marks omitted).

9

We concluded, based on the above, that the landowner satisfied the exception to the exhaustion doctrine by challenging the validity of the local zoning ordinance.[13] *McNew*, 295 A.3d at 14. Here, in contrast, Keith Valley's challenge is not directed at any purported deficiency in the Ordinance but at the Township's interpretation of the Ordinance language as enforced in the Order and Determination. We agree with the Township that Keith Valley could bring its challenge in this matter only by appealing the Order and Determination to the Board.

## CONCLUSION

Thus, because Keith Valley does not allege a violation of the Act, and because an appeal from the Zoning Officer's Order and Determination is within the exclusive jurisdiction of the Board, we sustain the POs arguing failure to exercise or exhaust a statutory remedy, lack of subject matter jurisdiction, and legal insufficiency, and we dismiss Keith Valley's Petition with prejudice.[14]



STACY WALLACE, Judge

---

[13] This Court further concluded the landowner stated a valid legal claim under the Act, reasoning it was permissible for the landowner to file a petition for review despite also requesting review by the Attorney General, and there was nothing that prevented the Court from concluding some but not all of the ordinance's requirements were invalid. *McNew*, 295 A.3d at 14-16. Additionally, the Office of Attorney General determined the ordinance's "documentation requirements duplicate, encroach on, and/or exceed what a landowner must supply in an [erosion and sedimentation p]lan to comply with state law." *Id.* at 14-15. Given the township's ongoing disagreement with that determination, we explained the landowner's "only options [we]re to comply with an unauthorized [o]rdinance, or forego timber harvesting which he ha[d] a right to conduct on the [p]roperty." *Id.* at 15.

[14] Based on our disposition, we do not address the PO regarding insufficient specificity.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Valley Associates, LLC,      :
            Petitioner     :
                                   :
      v.                     : No. 151 M.D. 2025
                                   :
Horsham Township,            :
            Respondent   :

# **O R D E R**

**AND NOW**, this 22nd day of June 2026, the preliminary objections of Horsham Township are **SUSTAINED**, and the complaint of Keith Valley Associates, LLC, which this Court docketed as a petition for review, is **DISMISSED** with prejudice.

_____
STACY WALLACE, Judge